PITTSBURG STEEL COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. D. STREETY, *Defendant in Error*.

1. A judgment in an action at law is rendered when it is entered or recorded in the minutes of the court during term time or when in vacation it is put in form for such entry or record and is signed by the judge.

2. Where no final judgment is entered in the minutes of the court at the trial, but a final judgment *nun pro tunc* is put in form for record and signed by the trial judge at a subsequent day, a writ of error issued prior to the date of the judgment signed by the judge is ineffectual and cannot be used to bring the judgment to the appellate court for review.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*W. H. Wilson* and *A. J. Henry*, for Plaintiff in Error;

*Small & Palmer*, for Defendant in Error.

PER CURIAM.—The transcript of the record filed herein June 11th, 1910, contains a verdict for the defendant, J. D. Streety, rendered November 3rd, 1909, and also a writ of error dated May 3rd, 1910, returnable June 11th, 1910, addressed to a judgment in the cause; but no final judgment appears. The plaintiff in error now presents a certified copy of a final judgment *nunc pro tunc* in the cause dated October 28, 1910, signed by the trial judge, in which it is stated that judgment was rendered on the verdict, but was not entered by the clerk, and leave is asked to amend the transcripts of the record by inserting therein the judgment dated October 28th, 1910, and to file briefs.

The writ of error purports to be issued to a final judgment, but if there was no final judgment in existence when the writ of error was issued it is ineffectual and cannot be used to bring to the appellate court for review a final judgment *nunc pro tunc* subsequently rendered. A judgment in an action at law is rendered where it is entered or recorded in the minutes of the court during term time or when in vacation it is put in form for such entry or record and is signed by the judge.

In this case it appears that the final judgment was not entered or recorded in the minutes of the court when the trial was had, but it was put in form for entry or record and signed by the judge on October    , 1910. In order to bring this judgment here for review a writ of error should be issued addressed thereto "within six months from the date of said judgment." Sec. 1699 Gen. Stats.; Eaton v. McCaskill, 53 Fla. 513, 43 South. Rep. 447; Simmons v. Hanne, 50 Fla. 267, 39 South. Rep. 77, 7 Ann. Cas. 322.

Upon the issuance of a writ of error to the judgment, leave may be asked to use the transcripts now here. See Goldring v. Reed, decided at this term.

The application to attach the certified copy of the final judgment to the transcript of the record will be continued in the absence of a writ of error addressed to the final judgment.

All concur.