FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Plaintiff in Error,* v. MANATEE COUNTY FOR THE USE OF J. H. WALKER, *Defendant in Error.*

### Opinion Filed November 22, 1919.

1.  Either party in an action at law may have a bill of exceptions which when signed becomes a part of the record. Whether upon a wirt of error being taken the bill shall be included in the transcript depends upon the directions received by the clerk for making up the same.

2.  There can be no extension of time by agreement of counsel for the return day of the writ of error.

3.  Unless good cause is shown for the failure by plaintiff in error to file a transcript of the record on or before the return day of the writ of error, the writ will be dismissed on motion.

A Writ of Error to the Circuit Court for Manatee County; O. K. Reaves, Judge.

Motion granted.

*Thomas E. Lucas* and *James F. Glen,* for Plaintiff in Error;

*John F. Burket,* for Defendant in Error.

ELLIS, J.—The defendant in error, who was the plaintiff below, recovered a judgment against the plaintiff in error, who was the defendant below, in the Circuit Court for Manatee County.

On April 19, 1919, the plaintiff in error sued out a writ

of error to the judgment and made it returnable to the second day of June, 1919.

The assignment of errors attacks only such matters as appear upon the record proper. No bill of exceptions was obtained by the defendant below and its written directions to the clerk for making up the transcript contained no instructions to incorporate in the transcript any bill of exceptions. The clerk was directed to begin making up the transcript on May 12th, 1919.

On the 22nd of March, nearly four weeks prior to the issuing of the writ of error, the plaintiff below moved the court to fix a time within which "the parties to the cause may settle the bill of exceptions." An order was made allowing ninety days. Within that time a bill of exceptions was prepared by the plaintiff below and presented to the judge for settlement. After due notice to the opposite party or his attorney the judge signed the bill of exceptions, which, according to the certificate made by him, contains all the evidence introduced at the trial of the cause. The assignment of errors prepared and filed by the defendant below was incorporated in the bill, which was directed by the defendant in error to be included in the transcript.

Upon the return day of the writ of error, which, as stated, was the 2nd day of June, 1919, no transcript of the record was filed in this court.

On September 5th, 1919, the transcript was filed and upon the same day the plaintiff in error caused to be filed its motion to strike the bill of exceptions, upon the grounds that the defendant in error, who was plaintiff in the cause below and recovered judgment against the plaintiff in error, could not procure a bill of exceptions nor have the same made a part of the record when *he* had no

exception to present thereby, nor could the trial court make up and settle a bill of exceptions at the instance of the defendant in error in this cause.

On September 13th, the defendant in error moved this court to "quash the writ of error and to dismiss" the same upon the grounds that this court had acquired no jurisdiction of the subject matter; that the transcript of the record had not been filed in accordance with the requirements of the statute and rules of the court; that the writ had not been perfected in accordance with the rules and practices of this court and because more than ninety days had expired after the date of the writ of error before the transcript of the record was filed.

In support of the motion of the defendant in error and in opposition to its affidavits were filed, in explanation of the failure to prepare a transcript of the record as directed in the writ of error. It was there shown that Mr. Lucas, the attorney for the plaintiff in error, told the clerk of the court that he would prepare it and send it to the clerk for his certificate, but that Mr. Lucas failed to do so. The affidavit of Mr. Lucas admits this statement to be true and states that on September 1st, 1919, he supplied the transcript and the same was verified by the clerk and certified by him: That on May 31st, 1919, one day before the return day of the writ, attorneys for the plaintiff in error and the defendant in error entered into a stipulation to "extend the date for filing the transcript of record to the 7th day of July, A. D. 1919." The original stipulation which was attached to the affidavit shows that it was stipulated between counsel that the "writ of error shall be returnable to the Supreme Court of Florida on the 7th day of July, A. D. 1919, instead of the 2nd

day of June, A. D. 1919, the date named in the praecipe for writ of error."

The affidavit also states that on July 3rd, 1919, another stipulation was entered into between counsel that the time for filing the transcript should be extended again to August 4th, 1919; the original stipulation shows the agreement to have been that the writ should be returnable on that date instead of the second of June. The affidavit shows that about August 3rd, a third stipulation for the purpose of extending the time in which to file the transcript of the record of September 1st, 1919, was forwarded by deponent to counsel for defendant in error for "execution by him" and on August 7th, 1919, he replied by letter stating that he had signed the stipulation, but had changed the date to September 5th. The affiant also states that the language of the stipulations as to the return day of the writ of error was used by inadvertence and the parties merely intended to agree to an extension of time for filing the transcript of record.

The motion to strike the bill of exceptions from the record upon the grounds named in the motion should be denied. Either party to a cause may have a bill of exceptions, which is nothing more than a record, a formal statement in writing, of what transpires at the trial of the cause. The statute directs the Judge to sign upon request any bill of exceptions taken during the progress of the cause and tendered to the court if it fairly states the truth of the matter and the exception designed to be taken. See Sec. 1696, Gen. Stats. of Florida, 1906, Compiled Laws, 1914.

Bills of exceptions are doubtless taken by each party during the progress of a cause, and in theory are made up and tendered to the judge at once for his signature, al-

though under the practice, by special order much time is allowed for settlement of them, and when signed they become a part of the record. Whether in the preparation of a transcript of the record in a case in which a writ of error to the judgment has been taken, the bill of exceptions should be included, is a question to be determined by counsel either upon one side or the other. If the plaintiff in error has made no assignment of error upon any matter occurring *in pais,* and has no need for a bill of exceptions, although during the trial one has been prepared, he may direct the clerk to omit it. The other party, defendant in error, may direct it to be included. If he has caused it to be included in the transcript unnecessarily he may be required to pay the costs of such unnecessary labor.

But the bill of exceptions in this case was not signed before the return day of the writ of error. Whether upon being signed by the Judge, it became a part of the record as of the date of the trial and could be included within the transcript made up before or upon the return day of the writ, we do not decide.

If the return day of the writ was extended, then the bill of exceptions which in the meantime had certainly become a part of the record was properly included, but there can be no extension of time by agreement of counsel for the return day of a writ of error beyond that fixed by the law. The motion to dismiss the writ of error should be granted because no good cause has been shown to this court why the plaintiff in error failed to file the transcript of the record on or before the return day of the writ of error. Sec. 1705, General Statutes of Florida.

To construe the stipulations between counsel for the

extension of the return day of the writ to September 5th instead of June 2nd, to be merely an agreement extending the time for the filing of the transcript, would be to ignore the language deliberately used by the parties in their written stipulation.

The motion to dismiss the writ of error is granted.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.