J. R. ARMANTROUT, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed October 20, 1925.

1. Section 2915, Revised General Statutes, and Supreme Court Rule 11 require the dismissal of a writ of error where the transcript of the record is not filed in this court on or before the return day of the writ unless for good cause shown, further time is allowed for filing the transcript.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Writ of Error dismissed.

*W. W. Clark,* for Plaintiff in Error;

*Rivers A. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted of murder in the second degree and seeks a reversal of the judgment on writ of error. He was charged with the murder of Roland McCarthy on August 26, 1924.

A writ of error, as copied in the record, shows that it was taken out in October, 1924, and made returnable January 1st of that year, an impossible date. The record was filed January 31, 1925. The writ of error on file shows that the return day was January 1, 1924. Even if it be assumed that it was intended to make the writ returnable January 1. 1925, or on the 7th day of that month, just within the ninety days' limit, the record would have been nearly a month late.

Under Supreme Court Rule 11 and Section 2915, Revised General Statutes, the writ of error should be dismissed, as no good cause, in fact no attempt has been made to show any cause, why "a true copy of all proceedings in such cause in the court below" was not filed in this Court "on or before the return day of the writ of error."

As the statute makes it obligatory upon this Court to dismiss the writ of error such will be the order.

It is ordered that the writ of error in this cause be, and the same is hereby, dismissed.

WEST, C. J., AND TERRELL, J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.