MINNIE E. STEINHAUSER, widow, also known as MARY
CECELIA FRIDELL, *Plaintiff in Error,* v. The City of Jack-
sonville, Florida, a Municipal Corporation, *Defendant in
Error.*

146 So. 213.

En Banc.

Opinion filed January 27, 1933.

*C. B. Peeler,* for Plaintiff in Error.

*Austin Miller* and *Emmet Safay,* for Defendant in Error.

BUFORD, J.—In this case petition was filed by the City of
Jacksonville to condemn certain property for the purpose
of deepening and straightening a certain stream known as
McCoy's Creek to improve the sanitary condition of the city.
The Respondent appeared and answered and also filed a
plea. In due course the case came on for trial. The record
discloses no challenge of the sufficiency of the petition or
the right of the petitioner to pursue the legal remedy invoked
in the Court below and, as the plaintiff in error did not re-
quire the presentation here of copies in the record of either
her answer or her plea, we are not advised as to what, if
any, her defense was.

The principal contention of the plaintiff in error appears
to be that the record presented here does not show that the
jury viewed the premises as is required by statute. The
plaintiff in error failed to bring here that record which would

show the lack of performance of this requirement, if such lack existed. The view of the premises in a condemnation proceeding is a matter which occure *in pais* and the record thereof is required only to be presented by the bill of exceptions.

A bill of exceptions when signed becomes a part of the record in the court below and a transcript thereof becomes the record in this Court showing what transpired *in pais* in the court below. See Fidelity & Deposit Co. of Maryland v. Manatee County, 78 Fla. 470, 83 So. 268.

No reversible error being disclosed by the record presented to us, the judgment should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, and BROWN, J. J., concur.