IN RE: Petition of Kansas Masonic Home, a corporation under the laws of the State of Kansas, for Revocation of Probate of purported Last Will of Mamie E. Brannon, deceased.

175 So. 526.
Opinion Filed June 28, 1937.

*D. C. Hull, Hull, Landis & Whtehair,* and *J. C. Adkins,* for Appellant;

*C. R. Layton* and *H. L. Gray,* for Appellee.

BROWN, J.—This cause is before us on a motion filed by appellee, M. H. DePass, individually and as Executor of the last will and testament of Mamie E. Brannon, deceased, to dismiss each of the three pending appeals in said cause.

The taking of the three appeals arose in this way: In November, 1935, appellant filed in the office of the County Judge of Alachua County its petition to revoke the probate of the purported last will and testament of Mamie E. Brannon, deceased. In August, 1936, appellant filed with said County Judge a suggestion of his disqualification, which was denied by said County Judge in an order entered on September 15, 1936. Appellant took an appeal from this order on October 10, 1936, to the Circuit Court for Alachua County, with the result that the Circuit Court, by an order dated January 26, 1937, affirmed the order so appealed from. From this order of the Circuit Court, the appellant took an appeal to this Court on February 17, 1937, making said appeal returnable May 3, 1937. Then, on March 18, 1937, appellant, having learned that said Circuit Court order

·of January 26, 1937, had not been recorded in the Chancery Order Book of said Circuit Court until March 9, 1937, took a new appeal to this Court from said order, making said new appeal returnable May 3, 1937.

In taking its appeal from said order of the County Judge to the Circuit Court, and from thence to this Court, appellant relied upon its construction of Section 11 of Article V of the State Constitution, but in view of the provision of Section 3 of Chapter 16053, Laws of 1933, to the effect that any order by which a judge is declared *qualified* shall be subject to review *only by the Supreme Court,* on writ of error, if the cause be one at law, and by appeal, if the cause be one in chancery, appellant also, on February 17, 1937, filed an entry of appeal from said order of the County Judge in the office of said County Judge, appealing said order directly to the Supreme Court and making said appeal returnable to May 3, 1937, the return day of the other two appeals above referred to, which were taken to this Court from the order of the Circuit Court.

As to the two appeals to this Court from the Circuit Court's order of January 26, 1937, affirming the order of the County Judge, ·appellee has moved the dismissal of the second appeal, entered on March 18, 1937, because there was then pending an appeal taken on February 17, 1937, to the same order.   But when this first appeal was taken, the Circuit Court's order had not been entered in the Chancery Order Book, having been inadvertently recorded in the Book of Judgments.   Under the provisions of Section 4857, 4948 and 4960, Comp. Gen. Laws, no process could be issued or other proceedings had on said order, *nor any appeal taken therefrom,* until the same had been recorded in the Chancery Order Book; and Section 56 of the Probate Act of 1933 (Chapter 16103)· provides that: "Appeals from the Circuit Court to the Supreme Court shall be governed in all

respects by the law and rules regulating appeals in chancery, except as herein otherwise provided." There cannot be an appeal until there is something that can be appealed from. The order of January 26, 1937, not having been entered in the Chancery Order Book when the first appeal therefrom was attempted, was not fully effective to support an appeal, and the filing of the notice of appeal was premature, and likewise without full force and effect. It therefore did not constitute such a pending appeal as could have prevented the taking of the appeal of March 18, 1937, which was taken and entered after the order of January 26th had been duly recorded in the Chancery Order Book. The attempted first appeal, to all practical intents and purposes with which we are here concerned, might well be treated as a nullity, and now ignored, but the appellee's motion to dismiss it having been filed, the said motion will be granted as to it, and said first appeal, entered February 17, 1937, will be formally dismissed. See Smith v. Floyd, 115 Fla. 535, 155 So. 535; Wildwood Crate & Ice Co. v. Citizens Bank of Inverness, 98 Fla. 187, 123 So. 699; Stanley v. Standard Cypress Co., 54 Fla. 583, 45 So. 478.

We now come to a more important question raised by the motion to dismiss each of the three appeals. It is this: Does Section 3 of Chapter 16053, Laws of 1933, relating to disqualification of judges, which provides that any order declaring a judge *qualified* "shall be subject only to review by the Supreme Court," prohibit an appeal to the Circuit Court from an order of the County Judge denying a suggestion of his disqualification in a proceeding for the revocation of the probate of a purported last will in the County Judge's Court, and thereby require such an appeal to be taken only to the Supreme Court from the County Judge's Court?

This question must be answered in the negative. The

reasons for so holding are set forth in our opinion and decision dealing with the motion to dismiss each of the three appeals taken by the Florida Conference Association of Seventh Day Adventists, growing out of an effort to secure the revocation of the same will as the one here involved, and decided contemporaneously herewith. The effect of this holding is that the appeal taken directly to this Court from the order of the County Judge, holding himself qualified, was and is an unauthorized appeal by reason of being in conflict with the provision of Section 11 of Article V of the Constitution which requires such appeals to be taken to the Circuit Court.

Accordingly our holding is that the first appeal atempted to be taken by the appellant from the order of the Circuit Court affirming the order of the County Judge, which entry of appeal was dated February 17, 1937, must be dismissed, and that the appeal taken directly to this Court from the order of the County Judge, declaring himself qualified, which appeal was likewise entered on February 17, 1937, must also be dismissed. This leaves the second appeal taken to this Court on March 18, 1937, from the order of the Circuit Court dated January 26, 1937, affirming said order of the County Judge, standing, and the motion to dismiss said latter appeal is denied.

It is so ordered.

Ellis, C. J., and Terrell and Buford, J. J., concur.

Mr. Justice Davis concurred in the foregoing opinion.