Henry C. Dupree and Fidelity & Casualty Company of New York v. Harold J. Elleman.

191 So. 65
Opinion Filed July 21, 1939
Rehearing Denied October 6, 1939

810

*Marks, Marks, Holt, Gray & Yates, Thomas B. Barton* and *Petteway & Gwynn,* for Appellant;

*Bedell & Bedell,* for Appellee.

*Whitfield & Whitfield* as *Amicus Curiae.*

WHITFIELD, J.—A motion was filed June 8, 1939, by appellee, to dismiss this appeal which was taken from a judgment of the circuit court affirming on appeal an order of the Florida Industrial Commission, under the Florida Workmen's Compensation Laws of 1935 and 1937. The grounds of the motion to dismiss this appeal are:

"1. The judgment sought to be reviewed is not within the appellate jurisdiction vested in the Supreme Court of Florida by Section 5, Article V of the Constitution of Florida.

"2. The appeal entered is returnable to the Supreme Court of Florida to a day more than ninety days from the date of the judgment appealed from, and the statutory provision for the appeal to this Court (Section 27, Florida Workmen's Compensation Act as amended; Section 12, Chapter 18413, Laws of Florida, 1937, p. 1364), if valid,

requires that such appeal shall be returnable to a day not more than ninety days from the date of the judgment."

On June 19, 1939, appellants filed the following:

"COME Now appellants herein by their undersigned solicitors and show unto the court that the following proceedings were had and taken in the lower court subsequent to the filing of the transcript of record in this cause:

"1. On May 31, 1939, appellants filed with the Clerk of the Circuit Court in and for Leon County, Florida, an amendment to appellants' notice of entry of appeal herein so as to make said appeal returnable to May 31, 1939, instead of June 6, 1939, the return date specified in the original notice of entry of appeal. Said amendment of notice of entry of appeal was filed with said Clerk on May 31, 1939, and recorded by him in Minute Book No. 20, at Page 366 in the records of his office.

"2. On May 31, 1939, appellants presented to the Hon. J. B. Johnson, one of the judges of the Circuit Court in and for the Second Judicial Circuit of Florida, a motion to amend original notice of entry of appeal herein so as to make the return date May 31, 1939, instead of June 6, 1939, as specified in the original notice of appeal. On said May 31, 1939, the Hon. J. B. Johnson rendered an order amending said notice of entry of appeal as requested in said motion. This motion and order were on May 31, 1939, filed with the clerk of said circuit court and recorded by him in Minute Book No. 20 at page 366 in the records of his office.

"Appellants further show unto the court that appellee has filed herein a motion to dismiss this appeal.

"Now, THEREFORE, appellants attach hereto certified copies of appellants' amendment to notice of entry of appeal, appellants' motion to amend notice of entry of appeal and

Judge Johnson's order amending notice of entry of appeal, and respectfully move this court to consider these proceedings in this cause at the same time the court considers appellee's motion to dismiss this appeal."

"ORDER

"This cause coming on to be heard on the foregoing motion and the court being fully advised in the premises, it is, therefore, in consideration thereof,

"ORDERED AND ADJUDGED that appellants' Notice of Entry of Appeal heretofore entered herein be and the same is hereby amended so as to make the return day therein May 31, 1939.

"DONE AND ORDERED at Tallahassee, Florida, this 31st day of May, A. D. 1939.

"J. B. JOHNSON, Circuit Judge."

The record shows that the order or award of the Florida Industrial Commission was made November 21, 1938, and filed in the office of the commission the following day. An appeal to the circuit court was taken December 20, 1938, returnable before the circuit court January 23, 1939. The award appealed from was affirmed by the circuit court March 1, 1939. An appeal to this Court from such judgment of affirmance was taken March 11, 1939, and made returnable before the Supreme Court June 6, 1939, more than ninety days from the date of the judgment of the circuit court affirming the award made by the commission.

The controlling statute providing for appeals in this class of cases mandatorily requires such an appeal to be "taken within thirty days after the entry of the judgment of the circuit court," and that "the appeal shall be returnable from the * * * circuit court to the Supreme Court to a day more than thirty days and not more than ninety days from

the date of the judgment * * * appealed from." The courts are given no authority to extend the return day of appeals as fixed by statute, and the judicial power conferred by the Constitution upon the courts does not by implication or intendment confer upon the courts authority to extend the return day of appeals fixed by statute. The appellate jurisdiction of the courts is conferred by the Constitution or by statutes not in conflict with the Constitution; but such jurisdiction must be invoked in particular cases in accordance with controlling statutes, or the appellate jurisdiction will not be acquired in particular cases. South Atlantic Steamship Co. v. Tutson, this day filed in this Court.

This Court had potential jurisdiction of this appeal under the Constitution and Chapter 18413, Acts of 1937 when properly invoked; but actual jurisdiction has not been acquired of the cause, since the return day of the appeal was more than ninety days from the date of the judgment of affirmance appealed from. See Simmons v. Hanne, 50 Fla. 267, 39 So. 77; State v. City of Coral Gables, 101 Fla. 237, 133 So. 892; Willey v. Hoggson, 89 Fla. 446, 105 So. 126; Sumner Lumber Co. v. Mills, 64 Fla. 513, 60 So. 757.

For a more extended discussion of both the constitutional validity of the statute conferring appellate jurisdiction upon the Supreme Court in this class of cases, and the insufficiency of the appeal, as taken, to give this Court appellate jurisdiction of this case, see South Atlantic Steamship Company v. Tutson, and Weaver-Loughridge Lumber Company v. Coleman, this day filed in this Court.

The amendment to the entry of appeal attempted to be made in this case, as shown above, is ineffectual for the reason that the thirty days' time from the entry of the judgment in the circuit court for taking the appeal had expired before the attempt to amend was made.

The appeal is dismissed because it was made returnable to a day more than ninety days from the *date of the judgment* appealed from, in violation of the statute. Robinson Imp. Co. v. Jackson, 55 Fla. 657, 45 So. 987.

It is so ordered.

TERRELL, C. J., and BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

### ON PETITION FOR REHEARING

PER CURIAM.—A petition for rehearing and for supplementing the record has been filed. The order of the circuit judge affirming an award made by the Florida Industrial Commission was signed and filed in the office of the clerk of the circuit court on March 1, 1939, and "recorded in Judgment Book No. 4, at page 54 thereof."

The statute provides that "the compensation order as affirmed," modified or reversed by the circuit court shall be filed in the office of the commission and shall become final unless reversed or modified by the Supreme Court upon appeal taken within thirty days after the entry of the judgment of the Circuit Court. The compensation order as affirmed, reversed or modified by the Supreme Court shall be filed in the office of the commission and shall become final." This provision does not require the order as affirmed by the circuit court to be filed in the office of the commission before an appeal may be taken from the final order of judgment of the circuit court to the Supreme Court.

The entry of the appeal was not dependent upon the filing of the circuit court order of affirmance in the office of the Florida Industrial Commission. Filing the entry of appeal and the bond superseded the execution of the award as affirmed by the circuit court.

The return day of the appeal was in violation of the

statute made to a day more than ninety days from the date and filing of the judgment and from the date of the filing of the entry of appeal in the office of the clerk of the circuit court and from the date of the entry of the appeal in "Judgment Book No. 4."

Even if the record of the appeal in "Judgment Book No. 4" is not a compliance with the intendments of the statute, the filing of the appeal would give this Court jurisdiction of the *cause,* if the return day of the appeal had been made to a day more than thirty days and not more than ninety days from the date of the judgment appealed from, as required by the statute, a record of the appeal in any particular book not being a prerequisite to the appeal.

The appellee has appeared in the cause in this Court. He does not consent to an amendment of the return day of the appeal to make it conform to the commands of the statute, if that can be done to make the appeal effective after the statutory time for taking the appeal has expired. But the appellee by motion to dismiss challenges the legal sufficiency of the statutory appeal to give this Court jurisdiction of the cause, a ground of the motion being that the return day of the appeal violates the statute. The return day of the appeal is regulated by the statute which should be obeyed in exercising the right of appeal given by the statute.

As the appeal was made returnable to a day more than nine days from the date of the judgment appealed from, in violation of the statute, the appeal was properly dismissed.

This Court has held that: "A judgment in an action at law is rendered where it is entered or recorded in the minutes of the court during term time or when in vacation it is put in form for such entry or record and is signed by the judge." Pittsburgh Steel Co. v. Streety, 60 Fla. 183, 53 So. 505; 34 C. J. 55.

.In that case the trial was during term time and no judgment was signed by the judge or entered in the minutes of the court during the term in which the trial was had; "but it was put in form for entry or record and signed by the judge" at a later date; it was held that "in order to bring this judgment here for review a writ of error should be issued and addressed thereto within six months from the date of said judgment," citing the statute.

When a judgment at law is rendered either by being entered in the minutes of the court in term time or by being signed by the judge and filed with the clerk of the court in vacation, such judgment so *rendered* is appealable. See C. J. 56. The law does not require a judgment at law to be entered or recorded in a book before it is appealable, when the judgment is signed by the judge and filed with the clerk in vacation.

In this case the judgment of affirmance was signed by the judge and filed with the clerk and recorded in Judgment Book No. 4, March 1, 1939. The circuit judge denied a motion of appellants that the judgment signed by him and filed by the Clerk and entered in Judgment Book No. 4, March 1, 1939, in vacation time be vacated and that a new judgment be rendered and be properly "recorded in the records of this court." The law does not require the judgment to be entered in any particular book, and the entry in one of the clerk's official record books rather than another, when, as in this case, entry in a particular book was not ordered by the court, such record if erroneous does not affect the judgment, at least between the parties. 34 C. J. 57. In this case the appellant recognized the entry of the judgment in Judgment Book 4, by appealing March 24, 1939, from the order, award and judgment "entered herein by the Circuit Court of Leon County, Florida, on the 1st

day of March, A. D. 1939, and making the said appeal returnable before the Supreme Court of Florida on the sixth day of June A. D. 1939." The return day was more than ninety days from date on which the judgment was signed by the judge, filed by the clerk and entered in Judgment Book No. 4, March 1, 1939. The entry of appeal is dated March 17, 1939, and was filed March 24, 1939.

Rehearing denied.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.

### ON PETITION FOR REHEARING

BROWN, J. (dissenting).—As I see it, the appeal attempted to be issued as of March 1, 1939, was premature and unwarranted, because at that time, and apparently up to the present time, no final and appealable judgment had been entered in the circuit court. In their petition for rehearing, petitioners alleged they were not cognizant of the fact such judgment had not been entered as required by law at the time they attempted to take said appeal to this Court. Petitioners allege that they recenly, on July 26, 1939, had filed in the Circuit Court of Leon County, a motion, a certified copy of which, with its accompanying exhibits, is attached to the petition for rehearing, that no ruling upon said motion has as yet been made by the circuit court, but that the appellants desire and intend to proceed in the circuit court with all due speed to the end that its ruling and decision upon said motion may be obtained, so that they may bring to this Court an appeal from a final and appealable judgment to this Court. That the matters and things alleged in said motion can be established to the satisfaction of this Court in such form as the Court may require. In

said motion made in the circuit court the appellants represent that on March 1, 1939, an order entitled "Final Judgment Affirming Award," was signed by Hon. J. B. Johnson, one of the judges of said court, the same purporting to affirm an award theretofore entered in this cause by the Florida Industrial Commission; that if said ruling represents the final decision of the circuit court, appellants desire to have the same reviewed by the Supreme Court of Florida, but that in the present state of the record, appellants are precluded from taking a valid and effective·appeal to the Supreme Court, because said ruling dated March 1, 1939, has never been entered in the records of the circuit court as required by law, that the same was recorded by the circuit court clerk in a book entitled "Record of Judgments," and in no other book, that it was never entered in the minute book or the chancery order book of said court, that the book wherein the said paper was recorded is not such a book as is authorized by statute, but is a book in which it has been customary for said clerk to record merely defaults, and default and consent judgments. That because of these facts the appellant cannot effectively take an appeal.

Section 4857 C. G. L. provides that the clerk shall keep minute books in which he shall keep fair and regular minutes of all the proceedings of the circuit court, which shall be signed by the judge before the adjournment of each term; also a progress docket, which is not material here, and a default docket in which later shall be entered all defaults and final judgments by default taken in his office; also a judgment and execution docket, in which he shall index all judgments rendered in term time or vacation and all executions issued thereon, stating the amount of the judgment and cost, the date of rendition, etc. This statute also requires the clerk to keep a chancery order book in which shall be

entered all orders and decrees taken in chancery, including those required to be signed by the judge exclusively.

. In the case of Pittsburgh ·Steel Company v. Streety, 60 Fla. 183, 53 So. 505, this Court held that a judgment in an action at law is *rendered* when it is *entered or recorded in the minutes of the court* during term time, or when in vacation it is put in form for such entry or record and is signed by the judge; and that when no final judgment was entered in the minutes of the court at the trial, but a final judgment *nunc pro tunc* is put in form for record and signed by the judge *at a subsequent day,* a writ of error issued prior to the date of the judgment thus signed by the judge is ineffectual and cannot be used to bring the judgment to the appellate court for review; that in order to bring such judgment to the Supreme Court for review a writ of error should be addressed thereto "within six months from .the date of said judgment;" that upon the issuance of such writ of error to the judgment leave may be asked to use the transcript already on file in the Supreme Court.

In the case of Ellis v. State, 100 Fla. 27, 129 So. 106, this Court cited the case of Pittsburgh Steel Company v. Streety, *supra.,* with approval, to the effect that a judgment in an action at law, is rendered when it is entered or recorded in the minutes of the court, and held that while in a certain sense a judgment is rendered when it is announced by a judge, yet until such judgment is entered of record there is no competent evidence of such rendition, and added that where no judgment is in fact pronounced or rendered, at the close of a hearing, or trial, the case remains unfinished on the docket until the judgment is later rendered and entered, unless meanwhile for some reason the court has lost jurisdiction of the case. That "such a judgment, when entered, is not the entry *nunc pro tunc* of

a judgment previously rendered but not entered of record; it is the entry of a judgment that had not theretofore been rendered—a new and original judgment."

In the case of State *ex rel.* Landis v. City of Auburndale, 121 Fla. 336, 163 So. 583, it appeared that the judgment was arrived at by the circuit judge in the City of Lakeland and not in the County site, the City of Bartow, in the same county. In that case, this Court, speaking through Mr. Justice BUFORD, said:

"The record, however, shows that the findings and judgment of the circuit judge were filed and recorded in the minutes of the circuit court in the county court house at Bartow on the 11th day of July, 1934. The findings of the circuit judge as set out in the judgment and the judgment did not become effective, although it was dated at Lakeland, Florida, the 9th day of July, 1934, until the same was filed for record in the office of the clerk of the circuit court on the 11th day of July, 1934, *and recorded in the minutes of* the court. Until it was so filed, it remained in the breast of the court and amounted to no more than if he had arrived at the mental conclusion as to what his judgment would be while in Chambers at Lakeland and then went over to Bartow the County site, and had the same entered on the minutes of the court." (Italics supplied.)

Also in the case of Fawcett v. Weaver, 121 Fla. 245, 163 So. 561, this Court held that since an action at law once instituted is pending until entry of final judgment, a trial court, failing to enter judgment at proper term, is not precluded thereafter to close the case by the entry of a proper judgment on the record at the succeeding term of the court. In the opinion in that case, which was also written by Mr. Justice BUFORD, the case of Florida Development Co. v. Polk County, 76 Fla. 629, 80 So. 560, is quoted from, and

in such opinion it was also said: "So it appears clear that the defendant was entitled to have a judgment entered when the motion for a new trial was denied, and the fact that the court failed to have the judgment entered upon the court minutes does not deprive the defendant of his right to such entry later."

If the judgment of the circuit court in this case had been equitable in character, it would have had to be entered in the chancery order book, and until so entered, it would not have become final and appealable. See Section 4948 C. G. L., and *In re*: Petition of Kansas Masonic Home, 128 Fla. 708, 175 So. 526; and Fiehe v. Householder, 98 Fla. 627, 638, 125 So. 2.

I think therefore that the petition for rehearing, raising these questions, should either be granted, or that a supplementary opinion should be filed recognizing that no appealable judgment of the circuit court was in existence when the former abortive attempt to take an appeal was made; holding that such effort to appeal was premature; and providing that this Court's ruling and opinion herein on July 21, 1939, dismissing said appeal should be modified so as to show that any decision now rendered is without prejudice to the right of petitioners to take a new appeal from the circuit court when the decision of that court shall have been made final and appealable by proper entry of its judgment.

In our former opinion of July 21, 1939, the Court among other things said that: "The controlling statute providing for appeals in this class of cases mandatorily requires such an appeal to be taken 'within thirty days after the entry of the judgment of the circuit court' and that 'the appeal shall be returnable from the circuit court to the Supreme Court to a day more than thirty days and not more than 90 days from the date of the judgment appealed from.'" Thus we

have recognized that the statute mandatorily requires that an appeal must be taken within thirty days after the entry of the judgment appealed from, and of course this means a legal entry, such as is necessary to make the judgment final and appealable.