## J. B. BRAMLETT v. STATE OF FLORIDA

3 So. (2nd) 589
En Banc
Opinion Filed July 22, 1941

*Zewadski & Pierce,* for Petitioner;

*J. Tom Watson,* Attorney General, and *Nathan Cockrell,* Assistant Attorney General, for Respondent.

CHAPMAN, J.—Petitioner here, J. B. Bramlett, was informed against for the offense of charging usurious interest on a loan of $9.70 by the County Solicitor of Hillsborough County, Florida; was placed upon trial, convicted in the Criminal Court of Record and sentenced to imprisonment in the county jail for a period of ninety days and to pay a fine of $100.00 and costs of prosecution, and in defaulut thereof that he be im-

prisoned in the county jail for an additional ninety days. Motion for new trial was made and overruled and writ of error sued out on July 16, 1938, returnable before the Circuit Court of Hillsborough County, Florida, on August 16, 1938.

On August 26, 1938, a proposed bill of exceptions was made and tendered and on the 21st day of February, 1939, the same was signed by the Honorable John R. Himes, judge of the Criminal Court of Record of Hillsborough County. On March 1, 1939, eight days after the bill of exceptions was settled and signed, the transcript of record was filed in the Circuit Court of Hillsborough County.

On August 16, 1938, the circuit judge signed an order extending the return date of the writ of error until November 1, 1938. This order was based upon a written stipulation signed by counsel for petitioner and an Assistant State Attorney, in which it was recited "that the bill of exceptions has not as yet been settled by the trial judge." On November 4, 1938, a second extension order was signed, based on a written agreement of counsel that "the bill of exceptions has not as yet been settled by the trial court." On November 22, 1938, the *third* extension order was signed by the circuit judge, based on a written agreement of counsel to the effect "that the bill of exceptions has not as yet been settled by the trial court." The record discloses eight separate orders signed by the circuit judge extending the return date of the writ of error, and the transcript was filed within the date provided by the last extension order. The reason for these several extension orders was to permit or allow the trial court to settle the bill of exceptions. Counsel in the case presented several conflicts and disputes and the

trial court settled the same and approved the bill of exceptions on February 21, 1939, and the record was filed in the circuit court on the first day of March thereafter.

On the fourth day of February, 1941, pursuant to notice of an Assistant State Attorney served on counsel for petitioner that the cause would be called up for hearing and final disposition before the Honorable L. L. Parks, circuit judge, an order was made dismissing the writ of error previously issued. The order of dismissal is dated February 5, 1941. The cause is before this Court on petition for a common law writ of certiorari for the purpose of reviewing the order of dismissal.

The question presented for a decision is whether or not "sufficient cause" existed or was shown by the record consisting of both law and fact that would justify the circuit court in entering the order dated February 5, 1941, dismissing the writ of error. The State Attorney did not present a written motion for dismissal, but attended court pursuant to notice served on counsel for the petitioner that the case would be called up for a hearing and "final disposition," and the case, in part, was heard on its merits.

The eight stipulations signed by counsel provided for an extension of time because the bill of exceptions in the cause had not been settled by the trial judge of the criminal court of record. The stipulations provided further that the return day of the writ of error sued out be extended. These several stipulations and orders were obtained for the purpose of perfecting the appeal and disposing of the case in the appellate court on its merits. It is true that the several stipulations and orders provided for an extension of the return day

of the writ of error, but it was generally agreed by counsel that the appeal was to be perfected and the case heard on its merits.

Counsel for petitioner cannot be charged with the want or lack of diligence, because the transcript was filed in the circuit court within eight days after the order settling the bill of exceptions had been signed. It is possible that counsel intended to enter into stipulations to the effect that the time of filing the transcript of the record in the circuit court be extended from time to time rather than extending the return date of the writ of error previously issued. The law is settled that an appellate court has the power to dismiss a writ of error for good cause shown and motion therefor seasonably presented. We do not think sufficient cause or causes existed in the record to justify the order of dismissal dated February 5, 1941. See Lois Cacciatore v. State, 3 So. (2nd) 584, 147 Fla. 758, opinion filed at this term of court.

Writ of certiorari is awarded and the order of the circuit court dated February 5, 1941, dismissing the writ of error is hereby quashed and the cause remanded for further proceedings in the circuit court not inconsistent with this opinion.

It is so ordered.

TERRELL, J., concurs.

BROWN, C. J., WHITFIELD, CHAPMAN and ADAMS, J. J., concur specially.

THOMAS, J., dissents.

BUFORD, J. (concurring specially).—While strictly speaking there is no authority vested in the appellate court to extend the return date of a writ of error the appellate court may extend the time for filing the tran-

script and the order extending time in this case should be construed as having that effect.

BROWN, C. J., WHITFIELD, CHAPMAN and ADAMS, J. J., concur.