LOIS CACCIATORE v. STATE OF FLORIDA

3 So. (2nd) 584
En Banc
Opinion Filed July 22, 1941

*Zewadski & Pierce,* for Petitioner;

*J. Tom Watson,* Attorney General, and *Nathan Cockrell,* Assistant Attorney General, for Respondent.

CHAPMAN, J.—On September 15, 1938, Lois Cacciatore was informed against in two counts by the County

Solicitor of Hillsborough County, Florida, charging her with the possession of intoxicating beverages without having certain State excise taxes stamped on the container thereof. She was arraigned, placed upon trial and convicted, and on November 7, 1938, sentenced to serve a period of thirty days in the county jail and to pay a fine of $100.00 and court costs, or in default of payment thereof to serve an additional period of sixty days. Defendant's motion for a new trial was duly presented and by an order of the trial court overruled and denied.

On November 7, 1938, Lois Cacciatore sued out a writ of error to review the judgment of conviction and made the same returnable to the Circuit Court of Hillsborough County, Florida, on January 28, 1939. Writ of *scire facias ad audiendum errores* on said date issued and was served on Honorable Joseph E. Williams, County Solicitor, and Honorable J. Rex Farrior, State Attorney of the Thirteenth Judicial Circuit.

Lois Cacciatore filed her application, and submitted testimony in support thereof, to the Honorable John R. Himes, Judge of the Criminal Court of Record, for an order adjudicating her insolvent so that the costs of the appeal would be taxed against Hillsborough County. The Honorable John R. Himes, on November 16, 1938, made and entered an order denying her petition and application and by the terms of said order refused to adjudicate her to be insolvent. Additional testimony at a subsequent date was submitted as to her insolvency and her application to be adjudged insolvent was denied the second time under date of February 21, 1939, by the Honorable John R. Himes, Judge of the Criminal Court of Record. The Honorable Harry N. Sandler, Circuit Judge, reviewed

the order denying the insolvency petition on the part of Lois Cacciatore entered on February 21, 1939, by the Honorable John R. Himes, and on March 27, 1939, entered an order reversing the order denying the insolvency petition and directed that the Judge of the Criminal Court of Record make and enter an order granting said petition of insolvency.

Pertinent provisions of the order of reversal entered by the Honorable Harry N. Sandler on March 27, 1939, are viz.:

"It is further ordered that the entry of this order shall not in anywise affect the jurisdiction of this Court over this cause upon the merits, but that such appeal shall regularly proceed hereafter as in other causes upon writ of error and that only that part of the case involving the insolvency order of the Court below is affected by this order."

The Honorable John R. Himes, Judge of the Criminal Court of Record, on April 29, 1939, after the going down of the mandate of the circuit court reversing the order denying the petition and application for an order of insolvency, made and entered an order adjudicating Lois Cacciatore insolvent and directed that the *costs* incidental and necessary for the preparing of the record be paid by the County of Hillsborough, and the reporter of the Criminal Court of Record in the same order was directed to make and prepare one original and three copies of the bill of exceptions for use on writ of error. On May 17, 1939, the bill of exceptions was approved and signed by the Honorable John R. Himes, trial Judge, and a transcript of the record in the cause was filed in the circuit court on June 7, 1939.

The writ of error issued on November 7, 1939, returnable to the Circuit Court of Hillsborough County,

Florida, on the 28th day of January, 1939, and on January 28, 1939, the Honorable Harry N. Sandler, circuit judge, entered an order extending the return day of the writ of error in said cause until March 25, 1939. This order was predicated on a written stipulation signed by counsel for petitioner and the county solicitor of Hillsborough County. On March 22, 1939, the *second* order was entered by the Honorable Harry N. Sandler by the terms of which the return day of the writ of error was extended until April 29, 1939. On April 29, 1939, a *third* extension order was signed by the circuit judge extending the return date of the writ of error until May 15, 1939. On May 19, 1939, the Honorable L. L. Parks, circuit judge, entered the *fourth* order extending the return date of the writ of error until June 10, 1939. Each of the extension orders was predicated on stipulation of counsel for the petitioner and the county solicitor. The transcript of record was filed in the Circuit Court of Hillsborough County prior to expiration date named or stated in the fourth order of extension, but the return date of the writ of error prior to the entry of the extension orders was January 28, 1939, and the transcript was filed June 7, 1939.

On November 30, 1940, the State Attorney of the Thirteenth Judicial Circuit served written notice on counsel for the petitioner that the case at bar would be called up for hearing and final disposition on the fourth day of December, 1940, before the Honorable L. L. Parks, circuit judge, at his office in the court house at Tampa, Florida. In a verified petition for a writ of certiorari filed in this Court, it is made to appear that the case was presented to the circuit judge on writ of error by counsel for petitioner on December

19, 1940. The petition recites that the State Attorney did not, nor the county solicitor, attend said hearing, but that the State of Florida was represented by private counsel, and after counsel for petitioner had completed argument on the merits, private counsel for the State orally moved the court to dismiss the writ of error on grounds: (1) the transcript of record had not been filed in the circuit court prior to January 28, 1939, the return date of the writ of error; (2) the extension orders, respectively, extending the return date of the writ of error was void because the court was without power to extend the return date of a writ of error; (3) the stipulations signed by counsel for the petitioner and the county solicitor on which the four extension orders were predicated are each void because the county solicitor was without authority to represent the State of Florida on appeal and this authority was vested in the State Attorney; (4) private counsel admitted that the oral motion for dismissal of the writ of error was made without previous notice to counsel for petitioner. The record fails to disclose a written motion to dismiss or error. The State attorney had knowledge of the entire proceedings in the cause and a copy of the transcript of the record was served on him about the time of filing the original in the circuit court.

On January 23, 1941, the Honorable L. L. Parks, circuit judge, entered an order dismissing the writ of error and the reasons assigned therefor being: (a) the county solicitor was without authority to enter into stipulations with counsel for petitioner and in obtaining the order of court extending the return date of the writ of error; (b) that the power to stipulate was with the State attorney and not the county solici-

tor; (c) the parties and the court had no authority under the law to extend the return date of the writ of error; (d) the order of dismissal cites Fidelity & Deposit Co. v. Manatee County, 78 Fla. 470, 83 So. 268; Armantrout v. State, 90 Fla. 379, 106 So. 126; Dupree v. Elleman, 139 Fla. 809; 191 So. 65.

On petition for writ of certiorari in this Court it is contended that the order of the circuit judge dated January 23, 1941, dismissing the writ of error was invalid and unauthorized by law, and the circuit judge of Hillsborough County in the entry of said order did not proceed according to the essential requirements of the law for the reasons: (a) the State attorney waived objections to an extension of the original return date of the writ of error by not filing timely motions to dismiss and in obtaining a ruling thereon the State of Florida could not be heard on the motion to dismiss after the State Attorney had heard full argument on the merits of the case before the Circuit Court of Hillsborough County; (b) the failure to file the transcript of the record on January 28, 1939, as shown by the record, was occasioned by the review of the two orders of the Criminal Court of Record denying the petition and order of insolvency; (c) the stipulations of counsel and the four orders of the court thereon were intended by the parties to obtain an order on the merits of the appeal and the State of Florida is now estopped from contending that the court had power to dismiss in the absence of a timely motion therefor duly presented; (d) the stipulations supporting the respective orders extending the return day of the writ of error are binding upon the State of Florida and the State Attorney, although signed by the county solicitor of Hillsborough County and not by the State Attorney.

It is settled law that the Supreme Court of Florida had power to review and quash on the common law writ of certiorari the orders and proceedings of inferior courts when they proceed in a cause without jurisdiction, or when their procedure is essentially irregular and not according to the essential requirements of law and when no appeal or direct method of reviewing the order or proceedings exists. See Florida Motor Lines v. Railroad Comm'rs., 100 Fla. 538, 129 So. 876; Brinson v. Tharin, 99 Fla. 696, 127 So. 313; First Nat. Bank v. Gibbs, 78 Fla. 118, 82 So. 618; State *ex rel.* Allen v. Rose, 123 Fla. 544, 167 So. 21; South Atlantic Steamship Co. v. Tutson, 139 Fla. 405, 190 So. 675; Sweat v. Waldon, 123 Fla. 478, 167 So. 363; Young v. Stoutamire, 131 Fla. 535, 179 So. 797.

Arising out of the factual situation as above outlined, the question presented to this Court for a decision is whether or not the order dated January 23, 1941, dismissing the writ of error was erroneous. The case here is not affected by the criminal code, but the law in force prior to the adoption thereof. Section 8460 C. G. L. provides that writs of error lie into the circuit courts from final judgments and sentences of the criminal court of record and county court in cases of misdemeanor. The petitioner was convicted of a misdemeanor in the Criminal Court of Record of Hillsborough County.

In the absence of rules of the circuit court prescribing appellate practice from the Criminal Court of Record of Hillsborough County to the circuit court from final judgments and sentences of conviction in misdemeanor cases the rules of the Supreme Court of Florida regulating appellate practice should apply and

control. Rule 11 of the Supreme Court, as amended November 5, 1930, in part provides:

"RULE 11. FILING OF TRANSCRIPT AND COPIES. . . . Should the plaintiff in error or appellant fail to comply with the provisions of this rule, the cause shall be dismissed on motion of the defendant in error or appellee upon the production of a certificate from the clerk of the court below, or from the judge, if it has no clerk, that a writ of error or appeal has been sued out in such court, or upon producing proof that no copy of the transcript has been served upon the opposite party, or that a certified copy has not been filed as required. The court may also of its own motion dismiss the cause for failure to comply with this rule; but for good cause shown the court may allow further time to comply therewith."

The rule *supra* confers on the appellate court the power to dismiss appeals, after due notice and the right and privilege of being heard, for certain enumerated causes or reasons therein stated. It does not necessarily mean that the Court must dismiss the appeal from minor infractions thereof, but for substantial reasons affecting the administration of justice. Likewise the rule confers the power to dismiss the cause on the court's own motion for the failure to comply with the rule in the preparation and filing of transcripts. The courts are required to exercise sound discretion in their rulings on motions to dismiss arising under the rule, because "for good cause shown the court may allow further time to comply therewith."

The State of Missouri had a court rule similar to the one here involved and a motion to dismiss an appeal was made on the ground that the transcript of

the record had not been lodged in the appellate court at a designated time, and upon notice to counsel it was made to appear in opposition to a dismissal that the deputy clerk, to whom had been assigned the task of the preparation of the record, had been ill and in addition thereto the office had been required to prepare other public records and the delay in the filing of the transcript was beyond the control of the several parties. The appellate court declined to dismiss the cause. See Parks v. Marshall, 322 Mo. 218, 14 S. W. (2nd) 590, 62 A. L. R. 835. The Supreme Court of the State of West Virginia had before it a similar question and the court, exercising the discretion conferred by the rule, declined to dismiss the cause as the appellant had diligently tried to file the transcript within the time named. See Snuffer v. Spangler, 79 W. Va. 628, 92 S. E. 106; L. R. A. 1918E 149; 3 Am. Jur. Par. 740, p. 317-18.

A writ of *scire facias ad audiendum errores* was served on the State Attorney on November 15, 1938, and the county solicitor and the State Attorney were each before the circuit court in the cause on March 27, 1939, when the order denying adjudication of insolvency was reversed. A copy of the transcript of the record and bill of exceptions filed in the cause were served on the State Attorney on June 7, 1939. On November 30, 1940, an Assistant State Attorney served written notice of counsel for petitioner that the cause would be called up for hearing and final disposition before the circuit judge on December 4, 1940, and counsel for petitioner argued the case on its merits, and at no time prior to the final hearing was a motion for dismissal presented, but an oral motion was made to dismiss by private counsel at the con-

clusion of the argument of the case on final hearing. It appears that the State Attorney, with full knowledge of the entire proceedings in the cause, omitted or failed to present the question of dismissal to the trial court until the cause had in part been considered on final hearing. The law contemplates that defects in the transcript should be promptly presented to the appellate court for an early ruling, and a delay or omission so to do may in law preclude the movant from asserting defects of the record as a cause for dismissal.

The rule is stated thusly by 4 C. J. S. par. d. pages 1989-90:

"A motion to dismiss for defects in the transmission, filing, printing, and service of the record must be made at an early stage of the proceedings, with reasonable promptness, and without undue delay, and governing statutes or rules of court prescribing a time must be complied with, else the motion will be dismissed or the objection regarded as waived. Such a motion comes too late after submission on the merits, on the day the case is argued or reargued; in the absence of a statute to the contrary, after the printing and filing of his abstract and argument or brief, by appellant; after argument on the merits; and, *a fortiori,* after the appellate court has rendered judgment. The foregoing rules do not apply, however, to defects going to the jurisdiction of the court as already pointed out in subdivision b of this section."

Section 4625 C. G. L. makes it the duty of a plaintiff on error to file a transcript of the record in the appellate court on or before the return day of the writ of error. If the plaintiff in error fails to file the proceedings, it shall be the duty of the court, "unless good

cause be shown," to dismiss said writ of error. In the case of Fidelity & Deposit Co. v. Manatee County, 78 Fla. 474, 83 So. 268, this Court sustained or granted a motion to dismiss the writ of error "because no good cause has been shown why the plaintiff in error failed to file the transcript of the record on or before the return day of the writ of error." In the case of Armantrout v. State, 90 Fla. 379, 106 So. 126, this Court dismissed the writ of error because "no good cause" was shown why a true copy of all the proceedings in such cause in the court below was not filed in this Court "on or before the return day of the writ of error." In Dupree v. Elleman, 139 Fla. 809, 191 So. 65, this Court was considering certain defects in an appeal perfected under Section 27 of Chapter 18413, Acts of 1937, Laws of Florida, wherein an appeal was taken and the return date thereof was made more than ninety days after the entry of the judgment sought to be reviewed. The Act provides that an appeal must be taken within thirty days after the entry of the judgment of the circuit court. We held in Dupree v. Elleman, *supra*, that the statute was controlling and we had no authority to extend the return date of appeals of the class of cases enumerated in Chapter 18413, *supra*.

The record discloses that within three weeks after an order of the trial court was entered settling the bill of exceptions, a transcript of the record was filed in the circuit court. The delay in filing the transcript was due to the error committed by the judge of the criminal court of record in denying the petition and application for an order of insolvency. The reversal order was entered on March 27, 1939; the court reporter thereafter made a copy of the testimony; a bill

of exceptions was prepared and settled by court order, and a transcript of the entire record filed on June 7, 1939. It appears that petitioner and her counsel have been diligent; they have acted in good faith and good and sufficient lawful reason did not exist for the entry of the order of dismissal or to entertain the oral motion to dismiss, as applies to the facts of the case at bar.

The order of the Circuit Court of Hillsborough County dated January 23, 1941, dismissing the writ of error is subject to review by this Court on certiorari. See Florida Motor Lines v. Railroad Comm'rs., 100 Fla. 538, 129 So. 876. On writ of certiorari the ultimate adjudication is to quash the judgment or order that is reviewed or to quash the writ of certiorari. See First Nat. Bank v. Gibbs, 78 Fla. 118, 82 So. 618; State v. Live Oak, Perry & Gulf Ry. Co., 70 Fla. 564, 70 So. 550. Writ of certiorari is awarded and the order of the circuit court dated January 23, 1941, is hereby quashed and the cause remanded for further proceedings in the circuit court not inconsistent with this opinion.

It is so ordered.

TERRELL, J., concurs.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur specially, the same as the concurrence in Bramlett v. State.

THOMAS, J., dissents.