STURGIS, Judge.
These causes, which involve the same questions of law and fact, were consolidated on this appeal. Appellant seeks review of an order of the Court of Record of Escambia County whereby the sentences for crimes as originally imposed upon the appellee-defendants were vacated and another sentence imposed.
The question was raised in these causes as to whether the procedure on the part of the state by which the issues herein are presentable to this court is by way of appeal under Section 924.07(5), Florida Statutes, F.S.A., which provides for an appeal from “the sentence, on the ground that it is illegal,” or whether the issue is presentable, if at all, by common law certiorari. As the issue here involves the validity of the sentence imposed on the appellees, appeal is a proper method of review. This conclusion is not to be construed as precluding review by common law certiorari of orders and proceedings of inferior courts in matters where no appeal or direct method of review exists, and the petitioner causes it to appear that the inferior court has proceeded without jurisdiction, or that the procedure followed therein is essentially irregular. Cacciatore v. State, 147 Fla. 758, 3 So.2d 584; State v. Andres, 148 Fla. 742, 5 So.2d 7.
The first count of the information herein jointly charged the defendants with the *785 crime of robbery, the second count with the crime of larceny of an automobile. It developed that the automobile was also the property involved in the robbery.
Adjudication of guilt followed upon pleas of guilty to both counts of the information. The Honorable Erwin Fleet (then one of the judges of the Circuit Court of the First Judicial Circuit, in which Escambia County is located, and who by assignment was sitting as judge of the Court of Record of Escambia County) sentenced each defendant (a) to fifteen years in the state prison on the robbery (first) count of the information, (b) to two years in the state prison on the larceny (second) count thereof, (c) the sentence under the larceny count to run consecutively with that under the robbery count.
After the lapse of several terms of the trial court, during which time the defendants were serving the sentences imposed, petitions were filed before the Honorable Kirke M. Beall, one of the judges of that court, to vacate the mentioned sen-' tences. Relying on the case of Norwood v. State, Fla., 86 So.2d 427, he thereupon entered an order holding all of the sentences to be invalid, and caused the defendants to be produced before him to be resentenced. Accordingly, an order was thereafter entered which contained a finding to the effect that the prior sentences were invalid because the larceny charged in the second count of the information occurred concurrently with and arose out of the same transaction as the crime of robbery charged in the first count and because the automobile forming the subject of the larceny under the second count was also the subject of the robbery under the first count. On that basis, the order vacated the prior sentences and resentenced each defendant to a single term of “three (3) years at hard labor in the State Prison * * * under the first count of the information to commence with date of original sentence, June 5, 1958,” and the state appeals.
The state concedes and we agree that the sentence imposed on the conviction of larceny was invalid for the reason stated by the trial court. The state contends, however, that the original sentence imposed on the robbery count was valid in all respects; and further, that it was not subject to be set aside by the trial court after the expiration of the term of court in which it was imposed, as was done in this case.
In addition to resisting appellant’s above stated position, appellees have presented the following point for determination: Whether the proceedings by which they were arraigned, convicted, and sentenced are a nullity because the circuit judge who by assignment presided thereat was not a resident of Escambia County. We first dispose of that subject.
We take judicial notice that Judge Fleet, who presided over the initial proceedings in the Court of Record of Escam-bia County, was at that time a duly qualified judge of the Circuit Court in and for the First Judicial Circuit of Florida, which embraces Escambia County. It is admitted that he resided in another county of the circuit. Section 10 of Article V, Constitution of Florida, F.S.A., provides that “at the .request of a judge of the court of record evidenced as now provided by law a judge of the circuit court of Escambia County may assume and perform in every respect the duties and jurisdiction of the court of record of Escambia County or a judge thereof.” It also authorizes the judge of the Court of Record of Escambia County, at the request of a judge of the Circuit Court of Escambia County evidenced as now provided by law, to “assume and perform in every respect the jurisdiction and duties of the circuit court of Es-cambia County or a judge thereof, including the trial of capital cases and the power to summon and empanel a grand jury.”
There is no provision of law or of the constitution distinguishing the judges of the Circuit Court of- Escambia County *786 one from another on the basis of their places of residence within the First Judicial Circuit of Florida. Giving efficiency to the quoted provision of the constitution, it is apparent that the words “a judge of the circuit court of Escambia County” relate to any judge of the judicial circuit in which Escambia County is located, rather than one whose residence is in Escambia County. It would be a strained interpretation and would produce an incongruous result to hold under the quoted provisions that a judge of the Court of Record of Escambia County may sit by assignment as a judge of the circuit court district in which that county is located, but that the converse is not true. We hold that Circuit Judge Fleet was qualified in all respects to preside over the proceedings in question.
On the question of the power of the trial court to vacate the sentences imposed and resentence the defendants, in Lake v. State, 100 Fla. 373, 129 So. 827, 131 So. 147, it was held that any court of •record has full control over its judgments or decrees and, in the absence of statutory or constitutional provision to the contrary, may set them aside or reform them as it may deem right and legal at any time prior to the adjournment of the term or other time fixed in which the cause passes beyond the jurisdiction of the court and becomes final. Later, in Preston v. State, 117 Fla. 618, 158 So. 135, it was held that after the expiration of the term of the court at which a judgment is rendered, the trial court lacks authority to vacate the judgment unless it is void. See also Tucker v. State, 100 Fla. 1440, 131 So. 327; Tanner v. Wiggins, 54 Fla. 203, 45 So. 459, 14 Ann.Cas. 718; 15 Am.Jur., Criminal Law, Section 473.
Section 10, Article V, Constitution of Florida, F.S.A., under which the Court of Record of Escambia County operates, provides that “the rules of procedure and practice applicable to the circuit court of said county shall obtain in the court of record,” and further provides:
“The provisions of this constitution and all laws enacted in consonance therewith pertaining to circuit courts and the officers thereof and to appeals and writs of error from circuit courts, including the manner of the appointment or election and the terms of office and compensation of said officers, shall apply with like effect to the court of record of Escambia County and the officers thereof except as otherwise provided in this section; * * * ”
Section 26.22, Florida Statutes, F.S.A., fixes the terms of court of the Circuit Court in and for Escambia County. Under that statute, which now governs the terms of said Court of Record, three terms of court had expired between the imposition of sentence and the filing of the petition resulting in the order appealed. That fact did not, however, preclude the trial court from vacating the void sentence of two years for the crime of larceny. The court was without jurisdiction, however, to disturb the 15 year sentence previously imposed for the crime of robbery, which sentence was valid in all respects. In so holding we adhere to the rule enunciated in Norwood v. State, supra, and followed in Williams v. State, Fla., 69 So.2d 766, 767, which is to the effect that where one information charges various aspects of a single transaction in different ways so as to meet the varying aspects in which the evidence might present itself, “only one sentence is applicable, that sentence being on the highest degree of the offense.” That rule was correctly applied by the trial court in vacating the 2-year sentence on the count charging larceny of the automobile — the lesser count —and was incorrectly applied in undertake ing to set aside the sentence “on the highest degree of the offense,” the robbery as charged by the first count of the information.
In the case of Simmons v. State, 151 Fla. 778, 10 So.2d 436, the defendant was charged in the first count with assault with intent to commit rape, and in the second count with attempting to have carnal inter *787 course with an unmarried female under the age of eighteen years and of previous chaste character. He was adjudged guilty of both crimes and sentenced to 10 years on the first count and 5 years on the second count, the sentences to run concurrently. Confronted with the question of the propriety of the two sentences, and recognizing that the lesser crime charged by the second count was embodied in the greater crime charged by the first count, the Supreme Court affirmed the judgment and sentence on the charge embraced in the first count but remanded the cause with directions that the sentence imposed on the second count be set aside. This is in full accord with the Norwood and Williams cases, supra, wherein the sentence on the greater offense was held valid and the sentence on the lesser degree of the crime embraced in the greater offense was vacated.
The trial court was in error in vacating the original 15-year sentence imposed on each defendant-appellee for the crime of robbery as charged in the first count of the information. The trial court was not in error in vacating the sentence originally imposed on each defendant for the crime of larceny as charged in the second count of the information. It follows that the trial court was also in error in resentencing the defendant-appellees to a term of three years each on the first count of the information. Accordingly, each of the causes on appeal is remanded, with directions to enter an order modifying the order appealed to conform herewith.
Affirmed in part and reversed in part with directions.
WIGGINTON, Chief Judge, and CARROLL, DONALD, J., concur.