THE STATE OF FLORIDA, *Appellant,* vs. CITY OF CORAL GABLES, a municipal corporation, *Appellee.*
Division B.
Opinion filed April 15, 1931.

*Vernon Hawthorne,* for Appellant;
*Edward L. Semple,* for Appellee;
*Chester B. Masslich,* of New York City, as amicus.

WHITFIELD, P.J.—A decree validating several bond issues of the City of Coral Gables was rendered February 9, 1927, and was filed February 10, 1927. The decree was recorded January 14, 1931, and an appeal from the decree dated January 26, 1931, was filed January 27, 1931.

When the decree was rendered the following statute enacted in 1915 was in force.

"Any taxpayer or citizen may become a party to

said proceedings; and any party thereto, whether complainant, defendant or intervener, dissatisfied with the decree of the court, may appeal therefrom to the Supreme Court within twenty days, and upon the case being docketed in the Supreme Court such appeal shall be assigned for argument to be had within a period of thirty days. The procedure in all other respects shall be the same as in other chancery cases." Sec. 3298, R. G. S. 1920.

A subsequent statute, Chapter 11854, which became operative June 4, 1927, provides:

"Any taxpayer or citizen may become a party to said proceedings; and any party thereto, whether petitioner, defendant or intervenor, dissatisfied with the decree of the court, may appeal therefrom to the Supreme Court within fifteen days after the entry of such decree." p. 187, Acts 1927, sec. 5108 (3298) C. G. L.

The judicial proceedings for validating municipal bonds are statutory and the statute prescribes the procedure, which must be followed when invoked.

As the statute expressly provides that the Circuit Judge may "render a final decree" "validating" the bonds, and that those authorized to do so who are "dissatisfied" with the decree of the court, may appeal therefrom to the Supreme Court within twenty days," the limitation of time for taking an appeal from the decree is "twenty days," after the decree is rendered. Simmons and Capen v. Hanne et al., 50 Fla. 267, 39 So. 77. The decree validating the bonds was signed February 9, 1927, and filed the next day. It was not recorded until January 14, 1931. The entry of appeal was filed January 27, 1931.

While the Supreme Court has "appellate jurisdiction in all cases at law and in equity originating in Circuit

Courts," the time and manner in which appellate proceedings may be invoked are subject to statutory regulation when the right to appeal is not thereby unduly restricted. The purpose of the validating statute is to facilitate a determination of the legality of bond issues, and the short period of twenty days then allowed for taking appeals comports with the policy without unduly limiting the exercise of the organic right to appeal. The Act of 1927 above quoted makes the limitation fifteen days "after the entry of such decree." The quoted provision of the latter act shows an intent to change the former law which did not make the time limitation to begin to run "after the entry of" the decree appealed from.

The provision of section 4960 (3168) Compiled General Laws, that chancery appeals "must be taken within six months after the entry of the order or decree appealed from" is not applicable to appeals under the statute regulating the validation of municipal bonds since section 3298, Revised General Statutes, prescribes a special limitation of "twenty days." See City of West Palm Beach v. State of Florida et al., 93 Fla. 335, 111 So. 640.

The appeal is dismissed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.