**ERMA DE BOWES v. RAY O. DE BOWES**

7 So. (2nd) 4                                           En Banc
February 20, 1942                    Rehearing March 20, 1942

H. H. Taylor, and Tiffany Turnbull, for appellant.

Carl T. Hoffman, L. L. Robinson and A. A. Ross, for appellee.

WHITFIELD, J.:

A motion is made to dismiss an appeal taken November 26, 1941, from an amended final decree entered May 27, 1941, and from a decree entered April 12, 1941. In substance the contention is that the appeal was not taken in accordance with the requirements of Chapter 20441, Acts of 1941, which is as follows:

"Chapter 20441—(No. 233). House Bill No. 493. "An Act Relating To and Affecting the Time Within Which Writs of Error Shall Be Sued Out in Actions at Law or Appeals Taken in Suits in Chancery; To Repeal Certain Statutes Relating Thereto, and Certain Statutes Saving the Time Therefor in Favor of Infants and Married Women; and To Fix the Effective Date Hereof.

*"Be It Enacted by the Legislature of the State of Florida:*

"Section 1. All Writs of Error in Judgments in Civil Actions, and Appeals in Chancery whether from interlocutory orders or decrees, shall be sued out and taken within Sixty (60) days from the date of said judgment, or the entry of the order of decree appealed from.

"Section 2. That Sections 2909, 1910 and 3168 of the Revised General Statutes of Florida, A. D. 1920,

being Sections 4610, 4620 and 4690 Compiled General Laws of Florida 1927, be and the same are hereby repealed.

"Section 3. This Act shall take effect October 1, 1941, at 12 o'clock M.

"Approved by the Governor May 23, 1941.

"Filed in Office Secretary of State May 23, 1941."

Section 5, Article V, of the Constitution provides:

"The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in Circuit Courts."

The time and manner in which appellate proceedings may be invoked are subject to statutory regulation when the right to appeal is not thereby unduly restricted. State v. City of Coral Gables, 101 Fla. 237, 133 So. 892.

Statutes regulating the right of appeal should be liberally interpreted to preserve the right to appeal and in furtherance of justice. See Price v. Horton, 76 Fla. 537, 80 So. 305. See also Section 4, Declaration of Rights, Florida Constitution.

Parties to a suit have a right to require the due observance of statutory regulations of the manner in which appeals may be made effective. Providence S. B. & T. Co. v. Devito, 98 Fla. 1076, 125 So. 235.

In Spencer v. McBride, 14 Fla. 403, the statute limited the time in which actions may be bought in trial courts on existing causes of action. The decision was rendered in 1874 before the adoption of the Constitution of 1885 which contains the following as Section 33 of Article III:

"No statute shall be passed lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage."

In consequence of the quoted organic provision the decision in the McBride case is not controlling in original actions brought in trial courts; and all of the principles announced in the opinion in the McBride case that may conflict with the organic section e.g. headnote No. 4, are not necessarily applicable when interpreting statutes limiting the time for taking appeals.

Each statute should be interpreted with reference to controlling law, to the terms and intendments of the statute and to the object designed by the enactment. When not controlled by organic law, statutes limiting the time for taking appeals should be interpreted to afford a reasonable time for taking appeals to all parties having a right of appeal whether the judgments, decrees or orders to be appealed from were rendered or entered before or after the statute is enacted or becomes effective under Section 18, Article III, of the Constitution. See Re Est. Ollie M. Woods, 133 Fla. 730, 183 So. 10.

In Sammis v. Bennett, 32 Fla. 458, 14 So. 90, 22 L.R.A. 48, Chapter 4130, Acts of 1893, limiting the time for taking chancery appeals to six months, did not expressly repeal the prior statute allowing such appeals to be taken within two years, and under the Constitution the effective date of Chapter 4130 was August 1, 1893, sixty days after the final adjournment of the legislature on June 2, 1893. This Court held Chapter 4130 to be applicable only to appeals from orders and decrees entered after the effective date of the statute under the Constitution, the statute not making its effective date later than sixty days after the final adjournment of the legislature, as was done by Chapter 20441, Acts of 1941, in this case,

which though approved by the Governor and becoming a law May 23, 1941, did not take effect or become operative till noon October 1, 1941, as expressly provided in Chapter 20441, which Chapter also expressly repealed identified prior laws on the subject upon becoming effective October 1, 1941.

The brief of counsel for the motion to dismiss contains the following:

"We submit that:

"1.   The new Act is retrospective, and such was the purpose of postponing its effectiveness until October 1, 1941, otherwise Section 3 of the Act is meaningless and purposeless.

"2.   That all appeals from decrees more than sixty days old must be taken before October 1, 1941 (noon).

"3.   That after October 1, 1941 (noon) appeals may be taken only from decrees not more than sixty days old at time of entry of appeal regardless of date of entry.   For example: a decree of August 3, 1941, can be appealed up to October 2, 1941, and a decree of September 30, 1941, can be appealed up to November 29, 1941, and decrees dated after October 1, 1941, (noon) have the sixty days thereafter for appeal.

"4.   Stated another way: appeals taken after October 1, 1941, come under the 1941 Act, and must be from decrees not more than sixty days old ("sixty days from date of entry") ; and appeals taken before October 1 come under the 1893 Act, and may be from any decrees entered between April 2, 1941, and October 1, 1941.   This is true, for the repeal clause (Sec. 2 of 1941 Act) makes us operate under the 1893 Act before October 1, 1941, and under the 1941 Act after October 1, 1941."

The manifest intent of Chapter 20441, Acts of 1941, is to provide that where a judgment is rendered or a decree or order is entered after noon on October 1, 1941, all appeals from any such judgments, decrees or orders shall be sued out and taken within sixty days from the date of the judgment or from the entry of orders or decrees appealed from; and that when such a judgment, order or decree is rendered or entered before noon of October 1, 1941, an appeal therefrom shall be sued out and taken within a period of time that is less than six months from the date of the judgment or the entry of the order or decree appealed from, including the portion of the sixty days from noon of October 1, 1941, that have expired before the appeal is entered. This is so because of the requisite and appropriate legislative intent under fundamental law that a reasonable time shall be given after October 1, 1941, the effective date of Chapter 20441, for an appeal from a judgment rendered or from an order or decree entered before October 1, 1941, and within the six months allowed by the statute in force prior to noon of October 1, 1941. This authorizes appeals from all judgments, orders or decrees duly made and entered before October 1, 1941, to be taken at any time before the lapse of six months from the date of the judgment or entry of the order or decree to the entry of the appeal and within sixty days after noon of October 1, 1941, when Chapter 20441 became effective and operative, even though a particular period be less than six months from the date of the judgment or from the entry of the order or decree appealed from, to the entry of the appeal after October 1, 1941.

After October 1, 1941, when Chapter 20441, *became effective,* if not after May 23, 1941, when the enactment *became a law* upon the approval of the Governor, Chapter 20441, afforded binding public statutory notice that the time for taking appeals was being shortened; and if reasonable time is allowed for taking appeals from judgments, orders or decrees entered before the Act became operative on October 1, 1941, there can be no just complaint if in some cases the time for taking appeals from judgments, orders or decrees entered before October 1, 1941, is less than six months from the entry of the judgment, order or decree appealed from; for after due statutory notice the appellant would have at least sixty days after October 1, 1941, plus the time between the entry of the judgment, order or decree appealed from, and October 1, 1941, if the total time of the two periods before and after October 1, 1941, is less than six months between the date of the judgment or the entry of the order or decree is entered in July, August or September, 1941, the appeal must be taken within sixty days from October 1, 1941, even though that would give less than six months from the entry of the decree for taking an appeal therefrom.

Such limitation of time for taking appeals from judgments, orders and decrees entered prior to October 1, 1941, is adjudged to be reasonable upon a judicial consideration of all the circumstances; and the exercise of the lawmaking power in the premises denies no fundamental right and does no injustice to litigants in the courts of the State.

In Harkins v. The Atlantic National Bank of Jacksonville, presented January 5, 1941, at the last term, the court denied a motion to dismiss an appeal that

was taken November 28, 1941, from a final decree in chancery entered September 5, 1941. Such appeal was taken less than sixty days from October 1, 1941, and less than six months after the entry of the final decree of September 5, 1941. Such judicial order accords with the adjudication in this cause.

In this case one of the decrees appealed from was recorded April 12, 1941, and the other was entered May 27, 1941. Chapter 20441 was approved by the Governor and thereby *became a law* on May 23, 1941, though such law did not *become effective* or operative until noon of October 1, 1941. The appeal taken from the two decrees was entered November 26, 1941.

It thus appears that the first decree was entered April 12, 1941, more than six months before the entry of the appeal, but the second decree was entered May 27, 1941, within six months before the entry of the appeal, and that the appeal taken from the second decree, November 26, 1941, was within six months after the entry of the second decree and within sixty days after October 1, 1941, when Chapter 20441 became effective.

A final decree was *entered* in the cause on April 12, 1941. The court, in its stay order of April 28, 1941, held that a petition for rehearing was filed within twenty days after the recording of the final decree. On April 28, 1941, the court granted a stay order for five days. See Sections 70 and 71, Chancery Act of 1931. On May 26, 1941, the court rendered an "amended final decree" recorded May 27, 1941, covering the matters contained in the decree of April 12, 1941, with some modifications. Such "amended final decree" superseded the previous final decree, and is

now before this Court by virtue of the appeal taken November 26, 1941.

In this case the petition for rehearing duly entered and acted on by the chancellor, suspended the operation of the decree recorded April 12, 1941; and the final decree of May 27, 1941, became the ultimate final decree in the cause. The decree of May 27, 1941, was not an interlocutory or other procedural order, but was duly rendered and entered amended final decree made after adversary argument on the duly recognized petition for rehearing which "amended final decree" superseded the prior final decree upon rehearing. The appeal from the decree of April 12, 1941, may be disregarded on this motion.

Motion to dismiss appeal denied as to the "amended final decree" recorded May 27, 1941.

It is so ordered.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

ON PETITION FOR REHEARING

WHITFIELD, J.:

In Florida the appellate jurisdiction of the Supreme Court is defined by the Constitution. Art. V, Sec. 5. Prescribing the method and time for taking an appeal is a statutory function; but if the right of proper parties to invoke appellate jurisdiction by authorized appellate procedure be so circumscribed by statutory regulations as to unduly limit or curtail the right of appeal, such regulations would to that extent violate the intendments of the cited organic section. See State v. City of Coral Gables, 101 Fla. 237, 133 So. 892. Therefore such statutory regulations cannot legally deprive those having a right to a reasonable

time in which to exercise the right; nor can existing limitations of time for taking an appeal be so changed by statutory amendment as to materially curtail the right of appeal, unless reasonable notice and allowance of time for taking appeals from existing judgments be given.

Chapter 20441, Acts of 1941, repealed as of October 1, 1941, the prior Acts allowing six months for taking appeals and writs of error to the Supreme Court, and limits such time to sixty days. But Chapter 20441, Acts of 1941, cannot operate to *unduly* limit the right of appeal from judgments or decrees entered prior to the effective date of the Act, on October 1, 1941, so as to unlawfully curtail the organic right of appeal.

In order to duly and reasonably preserve the right of appeal to a fair and just period of time in the transition from six months to sixty days, so as not to violate organic rights by a too rigid application of Chapter 20441, supra, to judgments and decrees entered prior to October 1, 1941, this Court adjudicated that where judgments or decrees were entered prior to the effective date of Chapter 20441, Acts of 1941, which was October 1, 1941, appeals therefrom to this Court after October 1, 1941, must be taken within sixty days after October 1, 1941, and also within six months from the entry of the judgments, decrees or orders appealed from, even though the six months allowed for appeals and writs of error when the judgments or decrees were entered, would thereby in some cases be greatly curtailed, e.g. judgments and decrees rendered in July, August and September, 1941. Appellants are not injured, since they had reasonable statutory notice of a reduction in the time for taking appeals and a reasonable time to appeal.

This does not make the repealed statutes, allowing appeals or writs of error to be taken within six months, continue to operate after the effective date of the repealing statute, October 1, 1941, but affords a reasonable time for taking appeals from judgments or decrees entered prior to October 1, 1941, and avoids possible illegality in the operation of Chapter 20441, as applied to judgments and decrees entered prior to October 1, 1941, by interpreting such later statute to allow at least sixty days after October 1, 1941, together with the time between October 1, 1941, and the prior date of the entry of the judgments or decrees appealed from, provided the appeal or writ of error be taken within sixty days after October 1, 1941, and also within six months after the entry of the judgments or decrees appealed from, which were entered prior to October 1, 1941. The repeated mention of six months in the opinion has relation to reasonable time in applying Chapter 20441 to judgments or decrees entered prior to October 1, 1941, and does not attribute vitality to the statutes repealed by Chapter 20441.

Rehearing denied.

BROWN, C. J., TERRELL, BUFORD, and ADAMS, JJ., concur.

THOMAS, J., agrees to conclusion.

CHAPMAN, J., dissents.