R. W. GODSON v. THE SURF CLUB, a Florida non-profit corporation; and SAMUEL TISHMAN and ROSE TISHMAN, joined by her husband and next friend, SAMUEL TISHMAN.

8 So. (2nd) 279                                    En Banc
May 26, 1942

J. Harvey Robillard and L. A. Schroeder, Jr., for appellant.

Murrell & Malone, for appellees.

BROWN, C. J.:

This opinion is written in connection with our order of May 4th, 1942, denying appellees' special motion raising the question of this court's jurisdiction of the appellees and asking that the appeal be dismissed. It will probably be gratifying to counsel for the parties to this cause, and of some help to the members of the bar generally, for this Court to give a brief statement of. the reasons for its action.

Said special motion alleged that the notice of appeal was filed November 29, 1941, and recorded in the chancery order book on December 1, 1941; that while the entry of said appeal was within six months from the entry of the final decree, and *filing* of the notice of appeal was within sixty days from October 1, 1941, (the effective date of Chapter 20441, Acts of 1941) the entry or recording of the notice of appeal in the

chancery order book did not take place until December 1, 1941, which was the sixty-first day after October 1, 1941, and hence not within the time required by Chapter 20441. This is the Act which provides that all writs of error in civil actions and all appeals in chancery "shall be sued out and taken within sixty days from the date of said judgment or the entry of the order or decree appealed from," and which by its terms became effective October 1, 1941, at 12 o'clock M. Counsel for appellee cite Scott v. Wellacott, 149 Fla. 537, 6 So. (2nd) 622. See also DeBowes v. DeBowes, 149 Fla. 545, 7 So. (2nd) 4, and City of Miami Beach v. G.A.P. Co. 7 So. (2nd) 9, 149 Fla. 557.

The holding of this Court as to appeals taken under Section 3172 Rev. Gen. Stats., being Section 4964 C.G.L., was to the effect that: "A proper entry of appeal duly filed with the clerk gives the appellate court jurisdiction of the cause of action; and the due recordation of the entry of appeal in the chancery Order Book gives the appellate court jurisdiction of the appellees." Stovall v. Stovall, 77 Fla. 116, 78 So. 867; Thursby v. Stewart, 103 Fla. 990, 138 So. 742. The statute thus construed not only provided that "notice of entry of all appeals in chancery causes . . . shall be filed with the clerk," but also just as positively commanded the clerk to "forthwith" enter the same in the chancery order book, and stated that such recording of the notice of appeal "shall be held to be sufficient notice to the appellee of the taking of said appeal," etc.

So appellees allege that while said entry or filing of the notice of appeal on November 29, 1941, the same having been filed within six months from the entry of the final decree and within sixty days from

October 1, 1941, was sufficient to confer jurisdiction upon this Court of the cause of action, it was not sufficient to confer jurisdiction of the *persons* of said appellees because it was not *recorded* within sixty days from October 1, 1941.

Appellees correctly concede that, under paragraph (c) of Rule 2 of the revised rules of Supreme Court Practice (and see also Rule 11) recently adopted by this Court and which went into effect on April 1, 1942, the date of the filing of notice of appeal in the clerk's office would be the effective date of the appeal, both as to the cause of action and the parties to the appeal, but that inasmuch as this rule was not in effect until April 1, 1942, the former practice governs and that the result is a lack of jurisdiction of the persons of appellees here.

But appellees overlook our former Rule 11, which was adopted January 13, 1941, and which was in effect when this appeal was taken, and remained in effect in toto until revised rules became effective April 1, 1942, in which revision Rule 11 was retained as revised. Rule 11, as in effect when this appeal was taken, did require the notice of appeal to be filed with the clerk; and also that a concise statement of the questions proposed for adjudication and a statement of such portions of the record as are essential to the adjudication of the questions proposed, be served, along with a copy of said notice of appeal, on the adverse party or his attorney of record. The transcript of record in this case shows that all of this was done on November 29, 1941, and that counsel for appellees gave a receipt to appellant showing that they had received copies of all these papers which receipt was dated November 29, 1941. It is true that the record

also shows that this *receipt* was not filed with the clerk until December 1, 1941, but this was not material under the rule. It is also true that the notice of appeal, which was filed with the clerk on November 29, 1941, was not *recorded* until December 1, 1941, but this also was immaterial under the rule, which did not require such recordation. Furthermore, if the object of *recording* the notice of appeal would be to give constructive notice of the taking of the appeal to the appellees, this was further rendered immaterial in view of the fact that they were given *actual* notice of same on November 29, 1941, as required by the rule. The record shows that our former Rule 11, which controls the effective date of this appeal, was fully complied with before the expiration of sixty days from October 1, 1941, the effective date of Chapter 20441, thus giving this Court jurisdiction of the cause of action or subject matter of the appeal, and also jurisdiction of the parties appellee.

Our former order denying the special motion above referred to was advisedly entered, and is adhered to.

WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.