92 So.2d 648 (1957)
Martha AUSTIN, Petitioner,
v.
The TOWN OF OVIEDO, Respondent.
Supreme Court of Florida, Special Division A.
February 13, 1957.
*649 Sam E. Murrell & Sons, Sam E. Murrell, Sam E. Murrell, Jr., and Robert G. Murrell, Orlando, for petitioner.
George A. Speer, Jr., Sanford, for respondent.
THORNAL, Justice.
By petition for certiorari petitioner Austin seeks review of an order of the Circuit Judge dismissing her appeal from a conviction in the Mayor's Court of the Town of Oviedo.
The determining point is whether the failure to file an appeal bond required by Section 932.52(16), Florida Statutes, F.S.A., is a ground for dismissal of an appeal from a city court to a circuit court.
Petitioner Austin was convicted in Municipal Court of the Town of Oviedo for the offense of serving beer to a minor. She was sentenced to pay a fine of $200. She appealed the conviction to the Circuit Court. The Circuit Judge granted the Town's motion to dismiss the appeal because of the failure of the petitioner to file an appeal bond required by Section 932.52(16), Florida Statutes, F.S.A. Review of the order of the Circuit Judge dismissing the appeal is now sought.
The petitioner contends that the cited statute is directory rather than mandatory and in the alternative that if the requirement is considered mandatory, it would be unconstitutional interference with her right of appeal.
Respondent-Town has filed no brief to aid this Court in its consideration of the matter. We have on several occasions called attention to the proposition that such failure on the part of the parties-litigant places an undue responsibility on this Court to research their legal problems for them. As near as we could glean the position of the respondent from the oral argument, however, is that the cited statute is mandatory and does not place an unreasonable impediment in the way of an appeal from a city court to the circuit court.
In specifying the jurisdiction of Circuit Courts, Article 5, Section 11, of the Florida Constitution, F.S.A., provides in part:
"* * * They shall have final appellate jurisdiction * * * of judgments or sentences of any Mayor's Court * * *."
In Ex parte Peacock, 25 Fla. 478, 6 So. 473, this Court held that the term "Mayor's Court" is a generic expression which includes any municipal court authorized by the Legislature under Article 5, Section 34, of the Constitution.
Section 932.52(16), Florida Statutes, F.S.A., here under consideration, reads as follows:
"Appellant shall enter into a bond in double the amount of the fine and costs assessed or if the judgment be one of imprisonment for a term in the jail of said municipality, then the bond shall be in an amount sufficient to cover all costs taxed in the circuit court on appeal, plus not less than ten nor more than two hundred dollars additional in the discretion of the municipal judge, with one or more sufficient sureties to be approved by the clerk of the circuit court; conditioned to prosecute his appeal with dispatch and to abide the judgment of the court therein. When the bond is entered into and filed with the clerk of the circuit court, it shall operate as a supersedeas. The clerk of the circuit court shall receive a fee of one dollar for approving the appeal bond, payable when the bond is filed with him by the appellant."
The position of the petitioner seems to be that the privilege of obtaining a review of her municipal court conviction by the Circuit Judge is a matter of absolute right and that the requirement of the bond is an unconstitutional impediment to the exercise of that right.
*650 The point apparently has never been specifically passed upon by this Court. Early in the history of the development of the jurisprudence of our state, however, the filing of an appeal bond was required by statute as a condition precedent to the perfecting of an appeal to the Supreme Court. Hall v. Penny, 13 Fla. 593; Webster v. Wailes, 35 Fla. 267, 17 So. 571. In both of the cases last cited this Court pointed out that the failure to file the bond required by the statute justified the dismissal of the appeal. Under the statute then in force the appeal automatically operated as a supersedeas but the appeal was not perfected until the bond was filed.
In McJunkins v. Stevens, 88 Fla. 559, 102 So. 756, we announced a rule governing appellate practice which has been consistently followed by this Court. It was there held in substance that while the Constitution delineates the appellate jurisdiction of the Supreme Court and of the Circuit Courts, it does not prescribe the means or manner by which such appellate jurisdiction is acquired in particular cases. It remains the responsibility of the Legislature to prescribe the means and method by which appellate review may be obtained.
In Reed v. State, 94 Fla. 32, 113 So. 630, a capital case, this Court stated the rule to be that the right to appellate review of a case which has already been tried in a trial court is not a natural, absolute, or unqualified right but rather is a right created by law. To enjoy the right a party must first comply with the conditions precedent and regulatory required by law. In the absence of constitutional inhibitions it is within the power of the Legislature to impose conditions and restrictions on the privilege to seek appellate review. We have been referred to no constitutional inhibition applicable to the matter before us which would preclude the Legislature from adopting the statute under consideration. See also, De Bowes v. De Bowes, 149 Fla. 545, 7 So.2d 4; and Hines v. Noel, 110 Fla. 457, 149 So. 17.
The general rule which appears to have been accepted throughout the United States is to the effect that a statute requiring an appeal bond is ordinarily held to be a valid exercise of legislative power. Such statutes do not violate constitutional provisions granting the right of appeal inasmuch as they are considered as merely regulatory of the method for exercising the right. See 4 C.J.S., Appeal and Error, § 502(b), p. 970; 3 Am.Jur., Appeal and Error, Secs. 482 and 483; Journequin v. Land, 235 Ala. 29, 177 So. 132.
The authorities above cited lead us to the conclusion that the provisions of Section 932.52(16), Florida Statutes, F.S.A., are reasonable legislative requirements governing the method by which an appeal may be perfected from a municipal court to the circuit court. It is noted that similar to the early Florida cases the effect of the statute is that when an appeal is properly perfected by the filing of a bond, it automatically operates as a supersedeas. As applied to the particular courts as well as to the subject matter regulated we do not feel that the requirements of the statute are in any fashion violative of our Constitution, nor do they place an unreasonable or prohibitive burden on one seeking review by the circuit court.
The Circuit Judge therefore committed no error in dismissing the instant appeal, and the petition for certiorari is therefore 
Denied.
TERRELL, C.J., and ROBERTS, J., concur.
DREW, J., concurs specially.
DREW, Justice (concurring specially).
Section 59.09, F.S. 1955, F.S.A., which provides "No appeal may be taken by the original plaintiff in any suit or proceeding until he shall pay all costs which have accrued, *651 in or about the suit, up to the time the appeal is taken," has been on our statute books in substantially the same phraseology since 1832 and in numerous decisions of this Court we have upheld the validity of this statute. The payment of costs assessed is not a jurisdictional prerequisite which cannot be waived but for more than one hundred years this Court has consistently held that where properly and timely raised by an appellee an appeal to this Court would be dismissed where the record discloses such costs have not been paid. I don't see any difference in the requirement for the payment of costs by an original plaintiff and the requirement for the posting of a bond by an unsuccessful defendant.
Therefore, for the reasons here expressed, as well as those expressed in the able opinion of Mr. Justice THORNAL, I agree that the lower court committed no error in dismissing the appeal.
TERRELL, C.J., concurs.