DREW, Justice.
Samuel L. Griffith filed a petition for a writ of certiorari in this Court pursuant to Sec. 440.27, Florida Statutes 1955,' F.S.A., seeking review of an order of the full commission of the Florida Industrial Commission. In denying review, the full commission considered only the question of its jurisdiction to consider Griffith’s application for review in view of his failure to file a bond as required by Sec. 440.25(4) (a), Florida Statutes 1955, F.S.A.:
“ * * * an employer who has not secured the payment of compensation under this chapter in compliance with § 440.38 shall, as a condition of filing such application for a review by the full commission, file with his application for review a good and sufficient bond, as provided in § 59.13 of chapter 59, conditioned to pay the amount of the award, interests and costs payable under the terms of the order of the full commission, if the application shall be dismissed or the order thereon shall affirm or make an award of benefits in any amount, and upon failure of such employer to file such bond with his application for review the commission shall dismiss the application for review.”
Petitioner poses the questions, “whether the full commission had authority to dismiss the application for review for failure to post bond, as provided for in Florida Statute 440.25(4) (a), F.S.A., and whether said statute is unconstitutional or not.”
The 1955 amendment to Sec. 440.25(4) (Ch. 29778, Sec. 6, Laws of 1955), applicable to this case, makes posting of the bond a condition precedent to review by the full commission. In Austin v. Town of Oviedo, Fla.1957, 92 So.2d 648, we held that a statute requiring an appeal bond to be posted as a condition precedent to a review of a may- or’s court conviction by a circuit court was not violative of any constitutional provision of this State. The rationale of the Austin case is clearly dispositive of the principal question presented here although such question involves an administrative system of hearings, instead of a strictly judicial proceeding.
We have not considered whether the deputy commissioner properly ruled that petitioner employed three or more persons and that the claimant for compensation was not an independent contractor, within the provisions of Sec. 440.02, Florida Statutes 1953, F.S.A., because, even if the petition was directed to the deputy commissioner’s order and could in such case be considered by this Court (a point we do not decide), the petition was not filed in this Court within 60 days from the date the order of the deputy commissioner was filed as required by Supreme Court Rule 16(1), 31 F.S.A.
Certiorari is denied.
TERRELL, C. J., HOBSON and O’CONNELL, JJ., and CARROLL and WIGGINTON, District Judges, concur.