THORNAL, Justice.
Petitioner, Fraternal Order of Eagles, seeks review of an order of the Florida Industrial Commission which had dismissed the petitioner’s application for review by that agency.
We are called upon to- determine whether Section 440.25(4) (a), Florida Statutes, F.S.A., makes the filing of a supersedeas bond a jurisdictional prerequisite to obtaining review by the Florida Industrial Commission.
In a workmen’s compensation proceeding, respondent Proudfoot, an employee, was awarded certain benefits for injuries resulting from an industrial accident. His employer, Fraternal Order of Eagles, had not secured the payment of compensation in compliance with Section 440.38, Florida Statutes, F.S.A. The employer’s application for review when filed with the full Industrial Commission was not accompanied by the bond required by Section 440.25(4) (a). Subsequently, but beyond the twenty day period after the deputy commissioner had mailed his order to the parties, the employer estimated the amount of an appeal bond and filed it with the respondent Industrial Commission. The employee thereupon moved to dismiss the application for review citing the requirements of Section 440.25(4) (a), supra. The respondent Commission granted the motion to dismiss and entered an order accordingly. Review of this order is now sought.
Petitioner contends that Section 440.25 (4) (a), is so vague, indefinite and confusing that it is impossible to meet its requirements.
The respondents contend that the requirements of the cited statute are jurisdictional and that failure to comply therewith requires dismissal of the application for review.
Section 440.25(4) (a), provides that an¡ order of a Deputy Commissioner shall become final within twenty days after the date that copies thereof are mailed to the-parties unless in the meantime an application for review is filed with the full commission. The statute then reads in part:
“ * * * provided, however, that an employer who has not secured the payment of compensation under this chapter in compliance with § 440.38 shall,, as a condition of filing such application for a review by the full commission, file with his application for review a good and sufficient bond, as provided in § 59.13 of chapter 59, conditioned to pay the amount of the award,, interests and costs payable under the-terms of the order of the full commission, if the application shall be dismissed or the order thereon shall affirm or make an award of benefits in: any amount, and upon failure of such, employer to file such bond with his-application for review the commission shall dismiss the application for review * * *
Section 59.13, Florida Statutes, F.S.A.,, which is referred to in Section 440.25 (4)> (a) purports to set forth the procedure for-obtaining a supersedeas bond. Section 59.-13, supra, reads in part:
*247 “ * * * The appellant shall, at any time prior to filing his record on appeal, apply to the trial court for a good and sufficient bond payable to the adverse party, the amount and conditions of which shall be fixed by the trial court * * *
Petitioner suggests that Section 59.13 permits the filing of the appeal bond “at any time prior to filing his record on appeal”, whereas Section 440.25(4) (a) requires that application for review be filed within the stated twenty day period. Petitioner also points out that the supersedeas bond statute provides for the fixing of the amount and conditions of the bond by “the trial court”, whereas the cited section of the Workmen’s Compensation Act governs only appeals from “the deputy commissioner”.
Solely for purposes of applying the quoted provisions of Section 440.25(4) (a) we refer to Section 59.01(10) (a), Florida Statutes, where the term “trial court” is defined to include “the state board, commission, or other body from which an appeal may be taken”. Ordinarily a deputy commissioner of the Industrial Commission would not be classified as a “trial court”. We think it clear, however, from the applicable provisions of the statutes under consideration that for the purpose of fixing the amount of an appeal bond under Section 440.25(4) (a), the deputy commissioner may properly be placed in the category of a “trial court”.
The other point of conflict and alleged confusion suggested by petitioner deals with the provisions of Section 59.13, supra, which permit the amount of the bond to be fixed at any time prior to filing the record on appeal, while Section 440.25 (4) (a) requires the filing of the application for review with accompanying bond during the stated twenty day period. Section 440.25(4) (a) deals entirely with workmen’s compensation appeals and specifically governs the procedure to the extent that in the event of any apparent inconsistency between the two statutes on this subject the Workmen’s Compensation Act would control. Reading the two acts together, however, it is clear that workmen’s compensation appeals to the full commission must be filed within twenty days and that is obviously the period which also controls the filing of the appeal bond. The bond must accompany the application for review or at least be filed during that twenty day period.
The respondent Commission appeared to have the view that the filing of the appeal bond is jurisdictional. We do not so construe Section 440.25(4) (a). Obviously the requirement for the filing of the subject bond was inserted in the statute for the benefit of the employee and can be waived by him. We announced an analogous rule in Berg v. New York Life Insurance Co., Fla.1955, 81 So.2d 630, where we dealt with the statutory requirement of. a cost bond in an appeal by an original plaintiff. The requirement of the bond in the Workmen’s Compensation Act does not prescribe a jurisdictional essential to the extent that the full commission would be powerless to proceed if the employee in some fashion waived compliance with the statute.
In the absence of waiver, however, Section 440.25(4) (a) requires the Commission to dismiss the application for review when no bond is filed. While we do not agree with the respondent Commission that the requirement of the bond is jurisdictional, we do conclude that the Commission ruled correctly in dismissing the instant application for failure to file the bond. Griffith v. Vecchiarelli, Fla. 1957, 97 So.2d 691; Austin v. Town of Oviedo, Fla.1957, 92 So.2d 648.
Finding as we do that the respondent Commission entered a correct judgment the petition for certiorari is denied.
THOMAS, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.