ALLEN, Judge.
The appellant, ABI Walton Insurance Company (Walton), challenges an order of the appellee, the Department of Management Services (the department), denying Walton’s protest because of its failure to post a protest bond. Because we conclude that the requirement of section 287.042(2)(c), Florida Statutes (1992 Supp.), that a bond be posted at the time a formal written protest is filed is not jurisdictional, and that' the department was therefore required to give Walton notice and a reasonable opportunity to post the bond before denying the protest solely because of failure to post the bond, we reverse.
Walton and two other companies were competing to be the agent of record for the State of Florida Fire Insurance Trust Fund. Following negotiations, the department notified the appellant of its intent to recommend an award of the agent of record contract to one of the other companies. Walton filed a Notice of Intent to Protest within 72 hours after receipt of the notice of the department’s decision, and filed a Formal Written Notice within ten days. See § 120.53(5)(b), Fla.Stat. (1992 Supp.) The department issued a final order denying the protest because Walton had failed to post a protest bond in accordance with section 287.042(2)(e). Walton filed a motion for reconsideration along with a protest bond in the proper amount. The department issued an order rejecting Walton’s motion for reconsideration.
Section 287.042(2)(c) provides in pertinent part:
(c) Any person who files an action protesting a decision or intended decision pertaining to contracts administered by the division or a state agency pursuant to s. 120.53(5)(b) shall post with the division or the state agency at the time of filing the formal written protest a bond payable to the division or state agency in an amount equal to 1 percent of the division’s or the state agency’s estimate of the total volume of the contract or $5000, whichever is less, which bond shall be conditioned upon the payment of all costs which may be adjudged against him in the administrative hearing in which the action is brought and in any subsequent appellate court proceeding.
Walton argues that the posting of the protest bond is not a jurisdictional requirement, and thus the department should not have denied the appeal solely on that basis without giving Walton notice and a reasonable opportunity to post the bond. We agree with Walton that the bond requirement is not jurisdictional, and we observe that the supreme court has ruled similar bond requirements to be nonjurisdictional.
In Fraternal Order of Eagles v. Proudfoot, 116 So.2d 245, 247 (Fla.1959), an employer seeking review before the Florida Industrial Commission failed to post a statutorily required appeal bond conditioned to pay the amount of the award, interest and costs prior to the expiration of time allowed for filing the appeal. The supreme court held that “[t]he requirement of the bond in the Workmen’s Compensation Act does not prescribe a jurisdictional essential to the extent that the full commission would be powerless to proceed if the employee in some fashion waived compliance with the statute.” The court cited to its earlier decision in Berg v. New York Life *969 Insurance Co., 81 So.2d 630 (Fla.1955), in which the court determined that the statutory requirement of a cost bond in an appeal by an original plaintiff was nonjurisdietional and could be waived.
The supreme court dealt with this same question in the context of filing fees required for appellate review. In Williams v. State, 324 So.2d 74 (Fla.1975), the court held that the notice of appeal timely filed without simultaneous payment of filing fee acts to vest jurisdiction in the appellate court and that an action can be dismissed for failure to pay the required fee only after giving reasonable notice to the appellant.
The appellee argues that the rule in Williams should not apply because there is very little analogy between an appellate filing fee and the bond at issue in this case. We cannot agree. In Griffith v. Vecchiarelli, 97 So.2d 691 (Fla.1957), which dealt with the same setting as Fraternal Order of Eagles v. Proudfoot, supra, the court held:
The 1955 amendment to Sec. 440.25(4) (Ch. 29778, Sec. 6, Laws of 1955), applicable to this ease, makes posting of the bond a condition precedent to review by the full commission. In Austin v. Town of Oviedo, Fla.1957, 92 So.2d 648, we held that a statute requiring an appeal bond to be posted as a' condition precedent to a review of a mayor’s court conviction by a circuit court was not violative of any constitutional provisions of this State. The rationale of the Austin case is clearly dispositive of the principal question presented here although such question involves an administrative system of hearings, instead of a strictly judicial proceeding.
Id. at 692 (emphasis added). We likewise conclude that the Williams decision is dis-positive in the present case. Accordingly, the cost bond requirement in this case should be given the same effect as the filing fee requirement in Williams.
Because the department did not give Walton notice and a reasonable opportunity to post the bond, the denial of the protest solely because Walton had not filed the bond was improper. We therefore reverse the order denying the appellant’s appeal. Because the appellee retained the protest bond pending the outcome of this appeal, we remand for determination on the merits,
BOOTH and BENTON, JJ., concur,