869 So.2d 1273 (2004)
GENERAL ELECTRIC, Appellant,
v.
DEPARTMENT OF TRANSPORTATION and Florida Drawbridges, Inc., Appellees.
No. 1D03-0390.
District Court of Appeal of Florida, First District.
April 19, 2004.
*1274 Donna E. Blanton and Jeffrey L. Frehn of Radey, Thomas, Yon & Clark, P.A., Tallahassee, for Appellant.
Pamela S. Leslie, General Counsel and Gregory G. Costas, Assistant General Counsel, Attorney for Department of Transportation.
David B. Mankuta and Margaret Z. Villella of Atkinson, Diner, Sonte, Mankuta & Plouchas, P.A., Hollywood, Attorney for Florida Drawbridges, Inc.
BROWNING, J.
Appellant seeks review of a final order summarily dismissing Appellant's bid protests because its bid bonds were deficient. We agree with Appellant that Appellant did not have sufficient notice of the deficiency, and was not given a chance to correct any deficiency. Thus, we reverse without deciding whether the bonds were, in fact, deficient.
The dispute began when Appellee Florida Drawbridges was awarded three Department of Transportation (Department) contracts and Appellant filed three formal bid protests. With each protest, Appellant filed a required security bond, listing as principal on the bond "GE Industrial Systems." Florida Drawbridges, the successful bidder, intervened in the three bid protest proceedings, held before the Division of Administrative Hearings (DOAH). Florida Drawbridges then filed motions for a summary recommended order in each case, on the ground that Appellant failed to list the proper principal on the bonds. After the three cases were consolidated, the ALJ recommended dismissal and the Department followed his recommendation.
On appeal, Appellant argues that it did not receive adequate notice of the deficiency in the bonds and, in the alternative, argues that the bonds were not deficient because GE Industrial Systems is the same entity as Appellant. Appellant is correct that notice and an opportunity to cure are required before a bid protest is dismissed solely due to a deficient bond. ABI Walton Ins. Co. v. Dep't of Mgmt. Servs., 641 So.2d 967 (Fla. 1st DCA 1994). Appellees argue that ABI Walton is distinguishable because it interpreted section 287.042(2)(c), Florida Statutes, whereas the instant bonds were posted pursuant to section 337.11(5), Florida Statutes. However, the due process requirements outlined in ABI Walton apply to bid protests filed pursuant to both sections.
The Department argues that Appellant received sufficient notice of the deficiency from the motions for summary dismissal filed by Florida Drawbridges. However, this Court specifically stated in ABI Walton that the agency must give the protestor both notice of a bond deficiency and an opportunity to cure such deficiency. ABI Walton, 641 So.2d at 968 & 969. Thus, notice in the instant case is insufficient as it did not come from the Department, and such failure cannot be cured by the allegations of Florida Drawbridges' motions for summary dismissal. Accordingly, Appellant is entitled to relief.
*1275 REVERSED and REMANDED to the Department for further proceedings consistent with this opinion.
BOOTH and PADOVANO, JJ., concur.